This is a mandamus suit by Herbert Broyles, Jr., against the Tangipahoa Parish School Board wherein Broyles seeks to be reinstated as a permanent teacher in the Kentwood High School, or, in the alternative, in any approved high school for the Parish of Tangipahoa, and for the payment of his salary as such at the rate of $106 per month beginning from the opening of the 1941-42 school session and continuing thereafter.
Relator alleges that he is a permanent teacher for the Parish of Tangipahoa in accordance with the Teachers' Tenure Act, that is, Act No. 58 of 1936, and had been teaching English in the High School Department at Kentwood during the sessions of 1939-40 and 1940-41, under his high school certificate; that he was arbitrarily discharged, without hearing, without cause and without compliance with the said Teachers' Tenure Act, by letter from the superintendent of the said defendant Board by virtue of the action of the School Board members from the ward within which the Kentwood High School was situated. He further avers that he was willing and ready to continue his employment as a permanent teacher and reported at the Kentwood High School on the opening date, but to no avail.
In answer, the defendant School Board denies that the relator is a permanent teacher and denies that its action was arbitrary. In further answer and as a special defense, it avers that the relator had accepted a position as a teacher in the Parish of St. Charles for the session of 1941-42, at a larger salary than that paid by it and that therefore he could not be reinstated or entitled to his salary from it. It averred, in the alternative, that the relator would only be entitled to be reinstated as a teacher in accordance with his certificate in the public school system of the parish at a rate of pay of $101 per month for the present school term of 1941-42.
Upon these issues, there was judgment in favor of the relator ordering the defendant School Board to reinstate him as a permanent teacher in his former capacity as a teacher and instructor in any approved high school of the said parish, at the regular salary of $101 per month; and further judgment in his favor and against respondent in the monthly sum of $8.50 from the beginning of the 1941-42 session, throughout the said session. The defendant has appealed. Relator has answered the appeal, asking that the judgment be amended by increasing the amount awarded to him to $101 per month for the school session of 1941-42.
It is conceded in this court that the relator was a permanent teacher in accordance with the Teachers' Tenure Act, Act No. 58 of 1936, and that he was improperly discharged.
It is conceded that there are only two questions presented and urged on this appeal, viz.: (1) Whether or not relator is entitled to be reinstated as a teacher in the Kentwood High School, or whether he can be required to accept employment in any other school of the parish at the same salary; (2) whether or not the salary which he is receiving for his teaching in St. Charles Parish can be deducted from his salary as fixed in Tangipahoa Parish for the current school session.
The first question is fully answered by our holding in the case of State ex rel. Bass v. Vernon Parish School Board, 194 So. 74, wherein we held that relator Bass was entitled to be reinstated as a permanent teacher in one of the approved high schools of the parish in accordance with his grade, certificate, status and salary as his position was at the time of his discharge. In accordance with that decision, we now hold that relator in this case is only entitled to be reinstated as a permanent *Page 698 
teacher in any approved high school of the Parish of Tangipahoa at the salary of $101 per month, which salary is in accordance with his grade, certificate and status; he is therefore not entitled to require the respondent to reinstate him in the particular position that he held at the Kentwood High School.
There is some evidence in the record to the effect that there was, at the time of the trial of this case, a vacancy in the position of principal and teacher in the Grammar School at Tangipahoa. Yet we do not find that this position was tendered to relator. However, even if it had been tendered to him, according to our holding in the Bass case, supra, relator would not be required to accept the same in that the position is not in accordance with his certificate, grade and status. The lower court, in his judgment, correctly followed our decision in the Bass case, supra.
On the second question, we find the facts to be that relator was discharged on May 22, 1941; he did not acquiesce in his discharge; he chose not to remain idle but sought employment; he was successful in obtaining employment in the Parish of St. Charles as a teacher of Mathematics rather than as an English teacher (his certificate, training and status) at a salary of $92.50 per month, his services to begin on September 2, 1941. On September 1, 1941, the opening date for the Tangipahoa Parish school term at Kentwood, the relator reported for work by signing the teachers' roll at Kentwood. His services were not needed and thus declined. He filed his suit on September 29, 1941, seeking to be reinstated and for his salary. At that time, respondent well knew that he had been illegally discharged and had ample opportunity to reinstate him and to pay him his salary which was rightfully due him. It chose to defend the suit. The fact that he secured employment elsewhere did not and cannot relieve the respondent of its obligations of reinstatement and the payment of his salary. See State ex rel. Nobles v. Bienville Parish School Board, 198 La. 688, 4 So.2d 649. The judgment of the lower court granting relator $8.50 per month is therefore erroneous and will be amended by granting relator judgment for the sum of $101 per month beginning September 1, 1941, and throughout the 1941-42 school session and until he is reinstated.
For these reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be and is hereby amended by granting unto relator and against respondent, a judgment in the sum of $101 per month, effective at the beginning of the 1941-42 school session, that is, September 1, 1941, and continuing throughout said session, and until he is reinstated, together with all costs in both courts and as thus amended, the judgment is affirmed.