165 So.2d 120

Bess Fullerton TIPTON, as Adm'x,

v.

**BOARD OF EDUCATION OF BLOUNT COUNTY et al.**

6 Div. 561.

Supreme Court of Alabama.

Oct. 25, 1962.

Rehearing Granted May 21, 1964.

Johnson & Randall, Oneonta, for appellant.

St. John & St. John, Cullman, for appellees.

PER CURIAM.

On application for rehearing we have concluded that the original opinion should be withdrawn and the present opinion substituted in lieu thereof.

Relator, W. R. Tipton, filed mandamus proceedings in the Circuit Court of Blount .County to review action of the Blount County Board of Education in cancelling his contract with that body authorizing him to teach in the public schools of Blount County. He had acquired continuing service status as a school teacher pursuant to the provisions of Title 52, Chapter 13, Code of Alabama 1940, as amended.

Pending a hearing on the merits of the petition for mandamus relator died. The proceedings were revived in the name of the administratrix of the estate of Mr. Tipton. The cause was submitted to the trial court on September 24, 1959, "* * * upon the pleadings which included a transcript of the acts, doings, and testimony before the Blount County Board of Education * * * pertaining to the cancellation of the contract of W. R. Tipton as a teacher in the Blount County School system * * *." The circuit court thereupon denied relief to petitioner, the administratrix; dismissed the petition; and taxed petitioner with the costs.

Petitioner, within the time and manner provided by law, took an appeal from the judgment of the circuit court denying relief and dismissing the petition. This judgment is now before us for review.

*On Motion to Dismiss*

Respondents filed in this court their motion to dismiss the appeal on the grounds that the original petitioner and relator, Mr. Tipton, died during the pendency of the proceedings and that a review by this court of the ruling of the trial court, dismissing the petition as revived and denying relief, would be ineffectual; and nothing could be accomplished by the issuance of a writ of mandamus to reinstate appellant's intestate as a teacher. They also asserted that the question to be determined here is moot.

To this motion of respondents, appellant filed a demurrer and also an answer. The contention of the appellant in these pleadings is that the estate of W. R. Tipton is entitled to the salary of the intestate from

the time of his wrongful discharge until his death.

The case is now before this court on the above mentioned motion to dismiss and also on its merits.

The petition in its original form, and as revived, does not mention any right or claim on the part of the estate to recover any salary due the intestate.

The right to pursue a salary claim under the tenure act, or using it as a ground for continuing mandamus proceedings in the name of the administratrix or personal representative, if such pursuit otherwise existed under the tenure law (Title 52, Chapter 13, Code of Alabama 1940), depends on a construction of Act No. 410, General Acts 1945, page 646, amendatory of § 358, Title 52, Code of Alabama 1940. This act provides:

"* * * No action at law shall be for the recovery of damages for the breach of any employment contract of a teacher in the public schools."

Act No. 499, General Acts of 1939, page 759, providing for tenure of employment of teachers in the public schools of Alabama, which was the initial legislation on the subject, contains Section 8, which reads as follows:

"Section 8: The action of the employing board of education, if made in compliance with the provisions of this Act, and unless arbitrarily unjust, shall be final and conclusive. Whether such action complies with the provisions of this Act, and whether such action is arbitrarily unjust, *may be reviewed by bill in equity for the specific performance of such contract,* filed in the county where said school system is located. *No action at law shall lie for the recovery of damages for the breach of any employment contract of a teacher in the public schools."* (Emphasis supplied.)

This section authorized a review of the action of the board of education in cancelling a teacher's contract by a bill in equity for specific performance of the contract, filed in the county where said "school system is located." Subsequent amendments provide other methods of review. The review by mandamus, as here, was authorized by Act No. 410, General Acts of 1945, supra. All amendments carry forward the same provision inhibiting the recovery of damages by an action at law.

Since the original Act of 1939 limited a review by a bill in equity for specific performance, we think the purpose of this inhibition against an action at law to recover damages was inserted to preclude any aggrieved teacher from employing a suit for damages as an alternate method of obtaining a review, and also from recovering punitive damages for wrongful prosecution of charges as grounds for his or her discharge. We do not think it was the intention of the legislature to deny a teacher compensatory damages, lawfully pursued, for his or her wrongful discharge. Such compensatory damages would include loss of salary unless mitigated by other employment. Benziger v. Miller, 50 Ala. 206, 209.

Although Mr. Tipton is dead, and of course cannot be reinstated, the administratrix of his estate is entitled on this appeal to have a determination of his status to the end that she may recover damages accruing to the estate of the deceased by virtue of the wrongful discharge of her intestate if such be a fact.

We are of the opinion that the issue of the wrongfulness vel non of Mr. Tipton's discharge, due to the fact that his death prevents his reinstatement, is not moot. The motion to dismiss the appeal here is denied.

*On the Merits.*

Responding to the requirements of Title 52, § 357, Code of Alabama 1940, as amended by Act No. 690, General Acts of 1951,

page 1191, then in effect and applicable to the proceedings here under consideration, the respondent board of education filed and served appellant's intestate with three charges for cancellation of his tenure contract. These charges are: (1) Justifiable decrease in the number of teaching positions; (2) neglect of duty; and (3) trustees, patrons and principals refusing to accept W. R. Tipton's service. We pretermit discussing the legal sufficiency of these charges because they are too general.

█ We have reviewed the evidence and conclude there was none adduced before the board that is sufficient to support any of these charges. Ground (1) is without any evidence to support the accusations. The evidence in support of ground (3) did not show a compliance with Title 52, § 140, Code of Alabama 1940, which reads as follows:

"§ 140. Teacher may be refused by trustees.—In the event a teacher, not already employed in a school, is assigned to such school, the county superintendent of education shall give to the trustees of said school notice in writing of such assignment and the trustees of said school, within ten days from the date of the receipt of the superintendent's notice of assignment, may by unanimous consent refuse to accept the assignment of such teacher to their school upon written notification to the county superintendent of education setting out the reason for such refusal; and it is hereby made the duty of the county superintendent of education to assign another teacher to such school."

We now consider ground (2), supra—neglect of duty. Some phases of the evidence offered were hearsay and inadmissible; other phases pertained to the conduct of Mr. Tipton at Appalachian School allegedly occurring several years before the trial or hearing. Witnesses appearing for the board are as follows:

E. E. RENO: Stated that Mr. Tipton formerly taught at Appalachian School five or six years before the hearing; that he kept no record of "the funds" (for the sale of supplies); that sometimes he left before school was out; and that other teachers were there when he left.

N. B. MURPHREE: Testified that while Mr. Tipton taught at Appalachian, his teaching was not satisfactory and patrons complained. He did not have discipline. Part of the time he would leave before the school bus left. Some of the patrons attending graduation exercises were hurt because the names of their children were not called out. Also, he stated that Mr. Tipton did not keep any record of the money taken in for the sale of supplies. Witness never asked for an accounting nor did he ever file charges.

J. W. ELLIS: Testified that he and another person went to Hunt School where Mr. Tipton was teaching, arriving about 10:00 a. m. Mr. Tipton said that the children had gone to dinner. This was a rural school.

ERNEST BYNUM: This witness, a member of the school board, testified that he had never visited the schools where Mr. Tipton taught. He further stated that he had conversations with school patrons, who said they didn't want Mr. Tipton at their school because he lacked discipline in his school. He further stated that he had talked with a number of principals who declined to accept the services of Mr. Tipton.

L. E. SELLERS: This witness is also a member of the school board. He testified that a delegation, including trustees, from Allgood School came before the board complaining about Mr. Tipton. Their complaint was lack of discipline and leaving before school was out. This was three years before the hearing. He further stated that the main objection to Mr. Tipton was that he could not find a place for him.

MARVIN COX: This witness observed that if Mr. Tipton could find a place he could teach "this next year so far as I am concerned."

Mr. Tipton offered testimony of several witnesses which supported his contention that he was a satisfactory teacher and was not guilty of neglect of duty.

We conclude from the evidence, which we have carefully read, that the charges against Mr. Tipton are not sustained; that the board wrongfully cancelled his contract. It may be true that at times he was in a small degree lax in his discipline, but not to the extent of justifying a revocation of his tenure status. Some of the principals might not have wanted him, but the evidence fails to show any substantial or good reasons for such rejection. Mere protests without factual basis did not preclude the board from overriding the principals' objections.

It is quite possible that Mr. Tipton was not a paragon of his profession, did not on occasions maintain strict discipline, and at times left too early, but in our opinion from the evidence we have read at length, he was not guilty of willful misconduct or neglect of duty of such character and importance that he should have forfeited his right to teach in Blount County.

We hold that some of the evidence was too remote, while the remainder was insufficient, both in law and fact, to justify the action that was taken; and that none of the charges were proven by reasonable and substantial testimony. The evidence was vague, general, inconclusive, flimsy, and much of it conclusions and hearsay.

The court below should have granted the peremptory writ of mandamus (the correct proceeding for review) and ordered respondents to restore and reinstate decedent's status as a teacher in the Blount County school system as of the date of his death. The trial judge on remandment of this cause will grant the writ and enter such an order.

Judgment of the trial court is reversed and the cause remanded.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Application for rehearing granted.

Original opinion withdrawn.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, COLEMAN, and HARWOOD, JJ., concur.

MERRILL, Justice (dissenting):

I dissent on the ground that the claim became moot upon Mr. Tipton's death.