177 So.2d 905

**Frank SYLVESTER et al.**

v.

**William B. STRICKLAND, Jr.**

**6 Div. 212.**

Supreme Court of Alabama.

July 15, 1965.

Rehearing Denied Sept. 2, 1965.

Corretti & Newsom, Birmingham, and J. Clewis Trucks, Fairfield, for appellants.

James, Beavers & Harrison, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree of the trial court refusing, after a hearing, to dissolve

an injunction against the several appellants. Appellant Sylvester made a motion to set aside the decree and this motion was also overruled.

Appellee Strickland filed his bill of complaint seeking to enjoin appellants from prosecuting their suits at law against him. He alleged that he had entered into a contract with one Love, whereby Love undertook to construct a dental office for appellee for $29,000; that he paid Love $24,-885; that the dental office was to have been completed by June 30, 1964, but on August 17, the building still being uncompleted, the contract with Love was terminated and appellee had to spend $11,914.03 for labor and material to finish the building; that appellee received notice from appellant Sylvester and appellant Austin that they were sub-contractors on the job and had not been paid by Love and they claimed liens on the property for the unpaid balances owed them for their supplies and services; that Love had filed a suit at law against appellee for breach of the contract in the Circuit Court of Jefferson County, and appellants Sylvester, Johnson and Austin had filed separate suits in the Jefferson County Civil Court to perfect their respective liens against appellee's property.

Appellee prayed for an injunction against all the plaintiffs in their actions at law from proceeding in the courts at law in their respective suits and asked the lien claims be heard and disposed of in the equity court. Appellee offered to do equity and prayed for general relief.

The trial court issued a temporary injunction, demurrers were filed to the bill, motions to dissolve were filed, as were sworn answers to the bill. When the court refused to dissolve the temporary injunction and denied Sylvester's motion to set aside the decree, Sylvester, Johnson and Austin appealed, but Love did not.

Sylvester was a sheetrock sub-contractor and his agreement was with Love exclusively. Austin did the heating and air conditioning work. His original agreement was with Love but he claims that appellee agreed that he would be paid if he completed the job. Johnson furnished the lumber for the project. He claimed that he would not extend credit to Love and only furnished the lumber after appellee agreed that he could charge it to both Love and appellee.

On appeal, appellants Austin and Johnson adopt the same propositions of law and the argument made in brief by appellant Sylvester.

Sylvester argues assignments of error 1, 2, 3, 4 and 5 together, 6 and 8 together, and 9 and 10 together.

■ Assignments 1, 2, 3 and 4 charge error in denying the motion to dissolve the injunction. They were properly argued together. But assignment 5 charged error in the denying of appellant's motion to set aside the decree overruling the motion to dissolve the injunction. The effect of this ruling was a denial of a rehearing. Ex parte Upchurch, 215 Ala. 610, 112 So. 202.

■ A decree or order denying an application for rehearing which does not modify the original decree will not support an appeal, Equity Rule 62, Code 1940; nor is such a decree subject to review on assignments of error on appeal from the final decree. N. A. A. C. P. v. State, 274 Ala. 544, 150 So.2d 677[13], and cases there cited. Clearly, assignment 5 is without merit. It is unrelated to assignments 1-4, but having been argued with them, the others will not be considered. Thompson v. State, 267 Ala. 22, 99 So.2d 198; 2A Ala.Dig., Appeal & Error, Key 736. Therefore, the first five assignments of error require no further consideration.

Assignments 6 and 8 are argued together and 6 charges the same error as 5 and 8 charges the same error as 1-4. These are not considered for the same reasons as stated supra.

Assignments 9 and 10 are related and are properly argued together and they charge

error in the denying of the motion to dissolve because (9), the bill is without equity and (10), appellee had an adequate remedy at law.

A maxim in equity is that "courts of equity delight to do justice, and not by halves." It is not necessary that all parties to the bill should have an interest in all the matters in controversy, but it is sufficient if each defendant has an interest in some of the matters involved, and they are connected with the others. Littleton v. Littleton, 238 Ala. 40, 188 So. 902; Henry v. Ide, 208 Ala. 33, 93 So. 860. And we held a bill to contain equity where three persons, one materialman and two mechanics, sought to enforce their liens in a single bill in equity. We said, in part: "It is apparent from the averments of the bill that the claims all arise from the making of improvements to appellant's real estate lot within a matter of a few days. There is but one parcel of real estate involved." Stoughton v. Cole Supply Co., 273 Ala. 383, 141 So.2d 173.

Courts of equity have inherent and statutory jurisdiction to enforce materialmens' liens and to adjust priorities. Tit. 33, § 48, Code 1940; Baker Sand & Gravel Co. v. Rogers Plumbing & H. Co., 228 Ala. 612, 154 So. 591, 102 A.L.R. 346.

A case directly in point is Painter v. Drane, 2 MacArthur 163. The Supreme Court of the District of Columbia said:

> "That the question raised by the demurrer to the bill was whether the equity court had jurisdiction to settle the whole controversy to one suit, instead of having as many actions as there are liens. The liens are upon the same property, and as regards that the parties have a common interest, and they look to the same security for the payment of their claims. This is not to be regarded as a bill of interpleader. But without going into an examination of the facts, or discussing the conflicting decisions upon the subject of multifariousness in pleading, we think that under the circumstances of this case it would be more convenient to unite their claims in one bill, and settle in a simple suit a litigation which, if conducted in separate actions, will prove a very complicated and expensive proceeding. * * *"

Here, all the appellants are claiming statutory mechanics' and materialmens' liens on the identical property and each is connected with the others and each arose within a few days of each other as the construction of the office progressed.

We conclude that the trial court properly denied the motion to dissolve the temporary injunction because there was equity in the bill and because there was no abuse of discretion.

Assignment of error 7 was not argued in brief and is deemed to be waived. Supreme Court Rule 9.

No reversible error appearing, the decree of the trial court denying the motions to dissolve the temporary injunction is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.