259 So.2d 233

**MADISON COUNTY BOARD OF EDUCATION etc., et al.**

**v.**

**J. D. WIGLEY.**

**8 Div. 419.**

Supreme Court of Alabama.

March 16, 1972.

Ford, Caldwell, Ford & Payne, and Robert L. Hodges, Huntsville, for appellants.

204

Watts, Salmon, Roberts & Stephens, Huntsville, for appellee.

MERRILL, Justice.

This appeal is from a decree in a declaratory judgment proceeding in equity ordering back pay for a teacher who was unjustly discharged.

J. D. Wigley, the appellee, who will hereafter be referred to as "the teacher," was a vocational agriculture teacher in Buckhorn School in Madison County with "tenure" or continuing service status. The County Board of Education gave notice to the teacher that it was canceling his employment for certain stated reasons under and according to the provisions of Tit. 52, § 359, Code 1940, as amended. After a contested hearing, the Board canceled the contract on September 25, 1963, and the teacher appealed to the State Tenure Commission as provided in § 360. That Commission held that the action of the County Board of Education was arbitrary and unjust. The Board sought a review of this decision by mandamus in the circuit court

as provided in § 361. The circuit court set aside the ruling of the Tenure Commission and the teacher appealed to this court.

In State Tenure Commission v. Madison County Board of Education, 282 Ala. 658, 213 So.2d 823, this court, in its opinion, set out and discussed the charges in detail so they will not be repeated here, and this court reversed the judgment of the trial court and rehearing was denied on September 19, 1968.

On September 24, 1968, the teacher wrote the County Superintendent of Education and, after relating the history of the case, asked to be "permitted to resume his profession as a teacher in the Madison County School System," and requested payment of accrued salaries since September 1, 1963.

The County Board of Education did not offer him a teaching position nor did it pay any accrued salary, so the teacher filed the declaratory judgment proceeding against the Board of Education, its individual members and officers, which was the beginning of the instant suit. The prayer for relief sought (1) a construction of the teacher's contract (an exhibit to the bill) and a declaration of the rights of the parties thereunder to the extent that complainant be declared to be entitled to resume a teaching position, (2) that complainant be entitled to recover from the respondents his back salary, with interest thereon, from September 26, 1963, through the filing of the bill of complaint and a determination by the court of the sum due thereof, (3) that respondents be ordered to pay to complainant the sum determined due the complainant or, in the alternative, that the court render a judgment in favor of complainant and against the respondents, in their official capacities, for the amount ascertained due by the court with interest, (4) that the court would order the respondents to allow complainant to resume his prior teaching position with the respondent Board and (5) to pay to complainant a salary comparable to other teachers of

the complainant's qualifications, education and experience for his teaching services performed, and (6) a prayer for general relief.

Demurrers of the separate and several respondents were overruled and they filed their answer setting up at least sixteen defenses, most of which will be discussed as we take up the argued assignments of error. On October 13, 1969, the complainant filed a motion for a hearing "to test the sufficiency of each plea of each respondent." After the hearing, the trial court entered a decree which, in effect, held that all the defenses except the general issues were legally insufficient and set the date for trial as June 17, 1970.

On June 8, respondents filed a motion to dismiss the action because the teacher had resumed his employment and there was no equitable basis for maintaining the action. Jury demand was also filed. On June 17, respondents moved that the case be transferred to the law side of the court. All of these motions were denied and the trial was begun on June 17.

On September 28, 1970, the court entered its decree declaring (1) that the complainant was entitled to be reinstated by the respondents as a teacher with continuing service status at a salary equal to the salary of other teachers of his qualification, education and experience and that the respondents were entitled to receive the teaching services of the complainant in return, (2) that the complainant "has the legal right and is entitled to receive from the Madison County Board of Education of Madison County, Alabama . . ." and the other respondents, and that the respondents had the legal duty and obligation to pay or cause to be paid to the complainant for the period from August 1, 1963, to February 4, 1970, both dates inclusive, being the period when the said J. D. Wigley was contractually entitled to be paid but was receiving no pay, the sum of $62,600.58, and the court further decreed

that the further sum of six per cent per annum on the principal sum of $53,048.32 from February 4, 1970 to the date said sum was paid was entitled to be received by the complainant. The court further decreed that in the event respondents did not accord the complainant the legal rights and obligations therein determined within thirty days from the date thereof, the court, on petition of the complainant, would grant such supplemental relief as may be necessary or proper to effectuate the relief therein determined to be due the complainant. Application for rehearing was overruled and this appeal was taken December 29, 1970.

Appellants' first assignment of error charges that the court erred in overruling the demurrer of each respondent to the bill of complaint. Appellants' position is that the bill is without equity.

Title 7, § 157, Code 1940, permits any person interested under a written contract to have it construed; and § 158 states that a contract may be construed either before or after there has been a breach thereof. See also §§ 160, 163, 167 and Equity Rule 63.

■ Ordinarily, where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Mobile v. Jax Distributing Co., Inc., 267 Ala. 289, 101 So.2d 295, and cases there cited.

■ A justiciable controversy was not only alleged but the bill showed on its face that the cause had already been to this court previously and that the appellants had not followed the normal course of behavior after our decision was rendered in that suit.

Assignment 3 charges error in the overruling of the demurrer to that aspect of the bill seeking payment of back salary.

Under the tenure act, Tit. 52, § 351 et seq., Code 1940, as amended, the County Board of Education does not have the right to terminate the employment contract of a teacher on continuing service status and pay damages for the breach, and a teacher cannot quit his teaching job except under certain circumstances (not here applicable) under penalty of not being allowed to teach again (§ 361(1), Recompilation).

When the County Board refused to reinstate the teacher after this court's decision that its action was arbitrarily unjust, one of the teacher's remedies was to seek specific performance of the contract.

Specific performance is available on a petition for supplemental relief in a declaratory judgment proceeding in equity. Madison Limestone Co. v. McDonald, 264 Ala. 295, 87 So.2d 539; Dozier v. Troy Drive In Theatres, Inc., 258 Ala. 417, 63 So.2d 368. See Alabama Power Co. v. Haygood, 266 Ala. 194, 95 So.2d 98, where the employee's contract provided for his reinstatement, and this court held that his bill for declaratory judgment, as amended, which also sought restoration of seniority rights, sick and other benefits, restoration of rights of employment and compensation for the damages he sustained as the result of the breach of the contract, was good as against demurrer.

Assignment 74 charges error in the overruling of the reassigned demurrers to the bill as last amended. Appellants argue that after the bill was amended in the progress of the trial by showing he had been reinstated as a teacher, nothing was left for the trial court to do except the determination as to whether the teacher was entitled to back salary and the amount thereof with interest. We disagree.

The amendment showing reemployment of the teacher also contained the following: " * * * said re-employment was accepted on condition that it not affect the rights of the complainant in this action; said re-employment did not occur until after this suit was commenced; said re-employment is a mere confession of a portion of an aspect or of one aspect of the bill of complaint." The decree also declared the status of the teacher as to tenure, salary and fringe benefits, and it is obvious that there was more left in the case than back salary and interest thereon.

Assignments 17 and 18 charge error in the court's holding as insufficient the defense that the teacher failed to follow through his administrative remedies by not asking a review by the State Superintendent of Education under Tit. 52, § 47. This section has no connection with Teacher Tenure and there is no merit in those assignments.

Assignment 16 raises a troublesome point. Appellants contend that the following language in Tit. 52, § 359, precludes recovery of back salary by the teacher: " * * * Nothing herein provided is intended to prevent the suspension of a teacher pending a hearing on such proposed cancellation and the final determination thereof. No teacher dismissed as the result of such hearing shall receive compensation for the period of such suspension. * * *"

The teacher was suspended on August 28, 1963, pending the outcome of the hearing before the County Board in September. Appellants contend that he remained suspended until application for rehearing was overruled in this court on September 19, 1968. We cannot believe that was the intent of the Legislature. Evidently, the trial court did not either because its decree ordered payment of back salary from August 1, 1963. That part of the decree is contrary to the provisions of § 359 quoted supra.

There is no question but that the teacher was legally suspended, whether without cause or unjustly. But the Legislature says he shall not receive compensation during the period of suspension. The statutes are silent as to how long the suspension lasts. The first two sentences of § 360 read:

"The action of the employing board shall be final in its action on cancellation of a teacher's contract provided such action was in compliance with the provisions of this chapter and was not arbitrarily unjust. The teacher shall have the right to appeal to the state tenure commission as hereinafter established to obtain a review by the commission as to whether such action was in compliance with this chapter and whether such action was arbitrarily unjust. * * *"

The appeal to the State Tenure Commission is the last step in the administrative procedure in the education field and was a final determination insofar as the education field was concerned. From there the only recourse of either party to the controversy is to turn to the courts. Section 361 provides:

"The action of the state tenure commission in reviewing transfers of teachers or cancellation of teacher contracts, if made in compliance with the provisions of this chapter, and unless unjust, shall be final and conclusive. Whether such action complies with the provisions of this chapter and whether such action is unjust, may be reviewed by petition for mandamus filed in the circuit court of the county where said school system is located."

Our real problem is ascertaining the legislative intent of this sentence in § 359: "No teacher dismissed as a result of such hearing shall receive compensation for the period of such suspension."

The Act, taken as a whole, seems to have been written to take care of a situation when the ultimate and final determination is that a teacher is properly dismissed. We find no reference to the procedure to be followed when it is finally determined that a teacher should not be dismissed.

This leads us to think that the Legislature intended that when a final determination was made deciding a teacher should not have been dismissed, whether at the County Board hearing, at the State Tenure Commission, the circuit court or the appellate courts, the original suspension by the County Board and the entire period of suspension should be held for naught insofar as back salary is concerned, and a teacher would be entitled to accrued back salary for all the time he was unjustly suspended. See Tipton v. Board of Education of Blount County, 276 Ala. 571, 165 So.2d 120.

We hold, therefore, that the sentence quoted supra from § 359 applies only to those lawful suspensions where the "final determination" is that the cancellation of a teacher's contract was proper, but where the "final determination" is that the cancellation was improper, the suspension becomes ineffective and a teacher is entitled to back salary from the date of his last salary payment.

What we have already said disposes of assignments 3 and 76.

Appellants argue under assignments 11 and 12 that the court erred because it had no power to grant the relief prayed for (back salary) because the State Superintendent of Education and the State Board of Education were necessary parties. They contend that the payment of the back salary will require a call for additional funds over which the State Superintendent and the State Board have some control or supervision.

Title 52, § 99, Code 1940, gives a County Board of Education the power to

sue and contract, and this court·has said that City and County Boards of Education "may sue and be sued." Daves v. Rain, 230 Ala. 304, 161 So. 108, and cases there cited. The Madison County Board of Education cancelled this teacher's contract, suspended him and kept him out of his profession as a teacher with tenure for a long time. There is no intimation from the evidence that the State Superintendent of Education or the State Board of Education either knew about or had anything to do with any of the actions of the County Board in the instant matter. Assignments 11 and 12 are without merit.

Assignments 29, 31 and 35 charge error in the refusal of the court to grant a jury trial or to transfer the case to the law side of the docket.

In Reed v. Hill, 262 Ala. 662, 80 So.2d 728, this court said:

"It may be conceded that a party to a bill seeking a declaratory judgment is entitled to a jury trial as a matter of right if he would have had such a right in the cause of action for which the declaratory relief may be considered a substitute. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234; Annotation, 13 A.L.R.2d 777.

"But in all other cases a jury trial on issues presented by a bill in equity for a declaratory judgment is permissive only. § 164, Title 7, Code 1940. See Shamblin's case, supra (syl. 3)."

The last sentence of Tit. 52, § 360 reads: "* * * No action at law shall lie for the recovery of damages for the breach of any employment contract of a teacher in the public schools."

In Tipton v. Board of Education of Blount County, 276 Ala. 571, 165 So.2d 120, this court said that "* * * this inhibition against an action at law to recover damages was inserted to preclude any aggrieved teacher from employing a

suit for damages as an alternate method of obtaining a review, and also from recovering punitive damages for wrongful prosecution of charges as grounds for his or her discharge. We do not think it was the intention of the legislature to deny a teacher compensatory damages, lawfully pursued, for his or her wrongful discharge. Such compensatory damages would include loss of salary unless mitigated by other employment. Benziger v. Miller, 50 Ala. 206, 209."

There is no express provision in the Teacher Tenure Act, §§ 351–361(3), for a teacher to ask for back salary. We are not to be understood as holding that such is improper, but we note that § 360, as amended, provides for only two issues to be decided. by the State Tenure Commission. These are: "* * * whether such action was in compliance with this chapter and whether such action was arbitrarily unjust. * * *" But Tipton, supra, recognizes the right to back salary when the dismissal of a teacher is arbitrarily unjust.

It is understandable that counsel for a teacher entitled to back salary would stay away from an action at law in view of the last sentence of § 360. We think this case was properly brought.

As to the request for jury trial, we agree that the request was correctly overruled. All the material facts were decided in the original case. The only material questions here were questions of law arising from a construction of the pertinent statutes and a mathematical computation of the back salary.

Assignments 36, 37, 38, 39, 69, 70 and 71 charge error in, the sustaining of objections to questions asked the teacher on cross-examination whether he applied for a vocational agriculture teaching job in any other county or any other school system, or specific counties other than Madison.

We think the objections were properly·sustained. In·the first place, the

teacher would not have continuing service status in the other counties. As already shown this contract was not like the regular employment contract, where the ex-employee is under a duty, pending his suit for damages for breach of his employment contract, to seek like employment in the same locality. Brotherhood of Railroad Trainmen v. Barnhill, 214 Ala. 565, 108 So. 456.

◼ The doctrine of mitigation of damages in ordinary contracts is contrary to the Teacher Tenure statutes. The purpose of the law was to "insure to the teachers some measure of security," Board of Education of Marshall County v. Baugh, 240 Ala. 391, 199 So. 822; "to secure permanency in the teaching force," Pickens County Board of Education v. Keasler, 263 Ala. 231, 82 So.2d 197, and the Teacher Tenure statutes "are to be read into all contracts entered into by the school boards, and teachers," Board of School Com'rs v. Hahn, 246 Ala. 662, 22 So.2d 91.

· In State ex rel. Broyles v. Tangipahoa Parish School Board (La.), 6 So.2d 696, the Court of Appeals, First Cir., held that a permanent teacher under the tenure law who had been improperly discharged, was only entitled to be reinstated as a permanent teacher in an approved high school of the parish at the salary of ($101.00) in accordance with his grade, certificate and status. But even though he chose not to remain idle and secured another teaching position in another parish at a slightly smaller salary ($92.50), and the trial court granted him only the difference ($8.50) in his prior salary and the salary he drew in the new parish, the appellate court granted him the full salary ($101.00) he would have received had he not been improperly discharged.

Appellants' argument under assignment 13 charges error in the court's failure to apply the principle of laches to the teacher because he made no demand upon appellants for his back salary until September, 1968, following the overruling of the application for rehearing in the original appeal in this court. We cannot agree.

◼ The question of back salary could not definitely arise until the propriety of the cancellation of his contract was settled. This court held that the cancellation was arbitrary and unjust. The teacher applied for his back salary within a week after the application for rehearing was overruled. This was not sufficient delay to permit the application of laches.

◼ Finally, assignment 78 charges error in the overruling of the application for rehearing. No appeal will lie from an order or a decree overruling an application for rehearing in equity unless it modifies the decree. Equity Rule 62. Such a decree is not subject to review on assignments of error on appeal from the final decree. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797; Sylvester v. Strickland, 278 Ala. 278, 177 So.2d 905.

There is one modification due to be made in the decree. The trial court granted back pay from August 1, 1963. According to the evidence it should be September 1, 1963. The teacher was asked: "Were you paid for your services through August 30, 1963?" and he answered "Yes."

The cause will be remanded merely for a recomputation of the amount of back salary due beginning September 1, 1963.

The decree of the trial court is affirmed in all respects except that it is modified only as to the time back salary is payable and the amount thereof, and is remanded to the trial court for computation of the correct amount.

Affirmed in part, modified and remanded with directions.

LAWSON, HARWOOD, MADDOX and McCALL, JJ., concur.