James C. Barger appeals from a judgment of the Jefferson County Circuit Court, denying his claim for an additional amount *Page 308 
of back salary and his claim for reinstatement to a teaching position. We affirm in part and reverse in part.
The appellant was hired by the Jefferson County Board of Education on July 18, 1969, as a Trade and Industrial Co-ordinator and continued to be employed by the Jefferson County School System until he received notice that effective June 30, 1975, his employment would be cancelled. For the purpose of our consideration of the issues presented on this appeal, it is sufficient to note that the State Tenure Commission ultimately determined that the Jefferson County Board of Education did not comply with the teacher tenure laws in cancelling the appellant's employment. The Tenure Commission therefore reversed the action of the Jefferson County Board of Education.
In this case, the appellant sought both reinstatement to a teaching position and back salary. The trial court denied the appellant's prayer for reinstatement but found that he was entitled to recover $17,748.41, the amount of his salary from the date of his wrongful discharge until the date his teaching certificate expired ($27,662.68), less the amount earned in other employment ($9,914.27).
The appellant first contends that the trial court erred in denying his claim for reinstatement. The appellant maintains that pursuant to the State Tenure Commission's order, he was entitled to immediate reinstatement to his former position. During the period between the last order of the Tenure Commission and the judgment of the circuit court, the appellant's teaching certificate expired. The trial court determined that because the teacher's certificate had expired, it would be improper to compel the school board to reinstate the teacher.
The appellant asserts that he relied upon the Jefferson County Board of Education to apply for the renewal of his teaching certificate. Whether under some set of circumstances a teacher might reasonably rely upon a school board to renew the certificates of the teachers in its employ, we need not decide. In the instant case, the teacher had been discharged, albeit wrongfully, by the Board of Education prior to the time for application for renewal of his certificate. Despite the fact that his reinstatement had been ordered by the State Tenure Commission, he had not been reinstated at the time of his certificate's expiration.
Although the appellant presented evidence indicating that the Jefferson County Board of Education had unilaterally requested that his certificate be renewed in 1973 when it was due to expire, he has not established that the Board, as a matter of common practice, automatically requested that the State Board of Education renew certificates of its teachers, instructors, and other educators. We are not persuaded that the appellant was entitled to rely on the Board of Education to renew his certificate in this instance, especially in light of the difficulties which had developed between the appellant and the Board with respect to his employment.
Moreover, the record reflects that the State Board of Education has raised questions relative to additional requirements before the appellant's certificate could be renewed. Under these circumstances, it was the appellant's responsibility to assure his continued certification.
In light of the clear statutory mandate that certification is a condition precedent to employment as an instructor, principal or supervisor, Code 1975, §§ 16-23-1, 16-24-1, the trial court did not err in refusing to reinstate the appellant.
The teacher next contends that the trial court erred in denying his claim for the full measure of back pay.
The appellee Board of Education asserts, and the trial court held, that the appellant's back pay award should be reduced by amounts actually earned from other employment of whatever kind. In support of its contention, the Board places heavy reliance on Benziger v. Miller, 50 Ala. 206 (1874). While the Court inBenziger held that it was permissible to prove in mitigation of damages that the teacher received compensation for other employment and more recent cases have cited Benziger with *Page 309 
apparent approval, e.g., Tipton v. Board of Education of BlountCounty, 276 Ala. 571, 165 So.2d 120 (1964), it is important to note that Benziger, an action for breach of a teacher's employment contract, was decided prior to the enactment of the teacher tenure statutes in 1939.
In Alabama, a public school teacher has a statutory right to "continuing service status" or tenure after serving under contract as a teacher in the same school system for three consecutive years and being reemployed in that school system the succeeding school year. Code 1975, § 16-24-2. After a teacher attains tenure, he or she has an expectancy of future employment similar to that of a public employee under a system of civil service, see e.g., City of Mobile v. Mitchell,294 Ala. 474, 318 So.2d 708 (1975), and may be discharged only for just cause as specified under Code 1975, § 16-24-8, pursuant to the procedures established in § 16-24-9 and § 16-24-10.
Although teachers in Alabama are given contracts on an annual basis, the tenure laws must of necessity be construed as part and parcel of the total obligation owed by the school board as a public employer to the individual tenured teacher. MadisonCounty Board of Education v. Wigley, 288 Ala. 202,259 So.2d 233 (1972); Clark v. Beverly, 257 Ala. 484, 59 So.2d 810
(1952); Board of School Commissioners v. Hahn, 246 Ala. 662,22 So.2d 91 (1945). Moreover, this Court has observed that the teacher tenure statutes should be liberally construed in favor of the teachers who constitute the class designated as the primary beneficiaries of these statutes. State Tenure Com'n v.Madison County Board of Ed., 282 Ala. 658, 213 So.2d 823
(1968); Board of Educ. v. Baugh, 240 Ala. 391, 199 So. 822
(1941).
The Court addressing this issue in Madison County Board ofEducation v. Wigley, supra, held that where a teacher is improperly discharged, he is entitled to back salary from the date of his last salary payment, stating:
 The doctrine of mitigation of damages in ordinary contracts is contrary to the Teacher Tenure statutes. The purpose of the law was to "insure to the teachers some measure of security," Board of Education of Marshall County v. Baugh, 240 Ala. 391, 199 So. 822; "to secure permanency in the teaching force," Pickens County Board of Education v. Keasler, 263 Ala. 231, 82 So.2d 197, and the Teacher Tenure statutes "are to be read into all contracts entered into by the school boards, and teachers," Board of School Com'rs v. Hahn, 246 Ala. 662, 22 So.2d 91.
 In State ex rel. Broyles v. Tangipahoa Parish School Board (La.), 6 So.2d 696, the Court of Appeals, First Cir., held that a permanent teacher under the tenure law who had been improperly discharged, was only entitled to be reinstated as a permanent teacher in an approved high school of the parish at the salary of ($101.00) in accordance with his grade, certificate and status. But even though he chose not to remain idle and secured another teaching position in another parish at a slightly smaller salary ($92.50), and the trial court granted him only the difference ($8.50) in his prior salary and the salary he drew in the new parish, the appellate court granted him the full salary ($101.00) he would have received had he not been improperly discharged.
Therefore, we find that the teacher is entitled to recover an additional $9,914.27, such amount being the sum withheld from his back pay award by the Board of Education. This case is affirmed in part, reversed in part and remanded to the trial court for further proceedings consistent with the views expressed herein.
AFFIRMED IN PART: REVERSED IN PART AND REMANDED.
BLOODWORTH, FAULKNER, JONES and EMBRY, JJ., concur. *Page 310