ALMON, Justice.
Levon Puckett appeals from a judgment of the Sumter County Circuit Court, denying his claim for an additional amount of back salary which he alleged that the Sumter County Board of Education wrongfully refused to pay him. We reverse.
Briefly stated, the facts in this case are that Levon Puckett, a tenured teacher in Sumter County, had his contract cancelled. It was subsequently determined that the contradi cancellation was arbitrary and unwarranted and Mr. Puckett was reinstated to his former position. For a more extensive recitation of these facts, see Sumter Cty. Bd. of Ed. v. Alabama State Tenure Comm’n, 352 So.2d 1133 (Ala.Civ.App.1977), aff’d as modified, Sumter Cty. Bd. of Ed. v. Alabama State Tenure Comm’n, 352 So.2d 1137 (Ala.1977). Following Mr. Puckett’s reinstatement, he filed an action for a declaratory judgment seeking an additional $10,310.01 in back pay. It was stipulated that Puckett earned $10,310.01 from other employment (construction work) during the time that he was not teaching and that the Sumter County Board of Education subtracted these outside earnings in the computation of the back salary due to Puckett. The trial court determined that Puckett was not entitled to further recovery of money from the school board because the wages earned by Puckett in other employment were correctly applied to mitigate his damages. We cannot agree.
In Barger v. Jefferson Cty. Bd. of Ed., [MS. June 22, 1979], 372 So.2d 307 (Ala.1979), a similar case, this Court held that where a tenured teacher is wrongfully discharged he is entitled to the full amount of his back salary with no deduction for other compensation earned.
The judgment of the trial court is reversed and remanded.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, JONES and EMBRY, JJ., concur.