TORBERT, Chief Justice.
Certain Mobile County public school teachers, who had attained continuing service status under the Alabama Teacher Tenure Act, were presented new contracts for the next school year that reduced by one the number of months they would be employed, with a resulting reduction in pay. Each signed and returned the contract with a letter attached expressing the teachers’ displeasure and advising that the contract was signed “under protest and under duress.” Subsequently, an attorney acting for the teachers sent a letter to the superintendent, again stating the teachers’ displeasure with the contract. The school board maintained the new contracts were valid.
The teachers, contending the new contracts were invalid, appealed to the State Tenure Commission, which found the appeal proper. The Commission found that the school board had improperly cancelled the teachers’ contracts. The board then petitioned for a writ of mandamus to review the order of the Commission. The writ was denied and the board appealed. The Court of Civil Appeals, 443 So.2d 35, reversed the decision of the Commission. The State Tenure Commission (composed of Dorothy L. Wright, et al.) sought review of the Court of Civil Appeals decision by writ of certiorari, which we granted. We reverse.
The part of the Teacher Tenure Act that is central to this litigation is Code 1975, § 16-24-3, which in pertinent part states:
“The contract of employment of any teacher who shall attain continuing service status shall remain in full force unless superseded by a new contract signed by both parties, or cancelled as provided in §§ 16-24-9 or 16-24-10
It is uncontroverted that the teachers’ prior contracts were not cancelled under the provisions of § 16-24-9 or § 16-24-10. We are therefore confronted with the issues of whether the new contracts superseded the old, and if they did, whether the adoption of the new contracts could be used to effectively cancel the old contracts.
The Court of Civil Appeals concluded that the teachers had consented to the change, and that their signing of a new contract incorporating that change brought the board’s actions within the terms of § 16-24-3. We disagree. We do so because ordinary contract principles do not control when they conflict with the intent of the tenure law. Barger v. Jefferson County Board of Education, 372 So.2d 307 (Ala.1979); Madison County Board of Education v. Wigley, 288 Ala. 202, 259 So.2d 233 (1972).
*42 It is well established that the Teacher Tenure Act has as its primary purpose the securing of permanency in the teaching force and that it is remedial in nature and is therefore to be liberally construed in favor of the teacher. State Tenure Commission v. Board of School Commissioners of Mobile County, 378 So.2d 1142 (Ala.Civ.App.1979); Haas v. Madison County Board of Education, 380 So.2d 873 (Ala.Civ.App.1980). While the letters by the teachers, attached to the signed contracts, do not use the words “I do not consent,” it is clear that the teachers did not agree with the terms of the new contract and failed to consent to the changing of the terms. The teachers’ attorney sent another letter to the superintendent, further stating the teachers’ position that they did not consent to the terms of the new contracts. In light of the liberal construction principle, we hold that the teachers took adequate steps to state their position as to the contract.
Even under common law contract principles, the return of the proposed new contract with the attached letter was more in the nature of a counter-offer than an acceptance. An acceptance is required to be identical with the offer; otherwise, there is no meeting of the minds and no agreement. Smith v. Chickamauga Cedar Company, 263 Ala. 245, 82 So.2d 200 (Ala.1955). The teachers’ actions with regard to the proposed contract indicate that their “acceptance” was not identical to the offer. Therefore, there was no meeting of the minds and therefore, no new contract.
Even if this Court were to find that the teachers did agree to the new contract, we would apply the principle that an attempted waiver of the protection afforded by teacher tenure laws is ineffectual on public policy grounds. Haas v. Madison County Board of Education, 380 So.2d 873 (Ala.Civ.App.1980). The Teacher Tenure Act creates permanency by providing that cancellation of a teacher’s contract can be done only on the grounds set forth in Code 1975, § 16-24-8, pursuant to the procedure set out in Code 1975, § 16-24-9. Faircloth v. Folmar, 252 Ala. 223, 40 So.2d 697 (1949). The Court of Civil Appeals decision in effect would mean that the teachers, by signing a new contract, waived any rights they had to protest the partial cancellation.
There can be no quéstion that there was a partial cancellation, since the teachers’ old contract, providing that they would work ten months at a certain annual salary, was replaced by a new contract that provided they would work only nine months at a commensurately reduced annual salary. Although Code 1975, § 16-24-4, permits school boards to make changes in compensation if they are made “to accord with a general salary schedule adopted by the employing board,” that is all it permits. It does not allow the board to reduce the number of months the teacher will be employed. While it may be a technical distinction to say that the board could reduce the salaries directly but could not shorten the duration of employment with a resulting reduction in pay, the liberal construction policy in favor of the teachers compels us to find that the board cannot exceed the specific limited provisions for changed compensation.
REVERSED AND REMANDED.
SHORES, EMBRY and ADAMS, JJ., concur.
MADDOX, ALMON, and BEATTY, JJ., concur in the result.
FAULKNER and JONES, JJ., dissent.