INGRAM, Presiding Judge.
On August 4,1988, David Leander Moore (teacher) was rehired for his fourth consecutive year with the Lauderdale County *812 Board of Education (board), thereby achieving tenured status. Subsequently, on August 5, 1988, the board rescinded the rehiring of the teacher. The teacher then filed a direct appeal to the Alabama State Tenure Commission (commission). On October 18, 1988, the commission ruled that the teacher’s dismissal was in violation of the law and rescinded the action of the board. The board did not appeal. On November 22, 1988, the board reinstated the teacher to his teaching position and paid him retroactively from October 28, 1988.
The only issue involved here concerns back pay and benefits due to the teacher for the period August 18 through October 27, 1988. The teacher contends that he is entitled to full back pay for the period he was illegally dismissed. However, the board argues that the teacher should be required to use his sick leave, personal leave, and leave without pay in that he was not fully capable of performing his duties during this time due to illness. In other words, the board contends that had the teacher not been illegally dismissed, he would not have been able to work because of a heart attack he suffered during this time.
The trial court concluded that the teacher was entitled to the wages he would have earned for the period in question without any deduction of sick pay days or personal leave. The board now appeals.
The only issue on appeal is whether the trial court erred in determining that the teacher did not have to use any sick or personal leave during the period of time that his employment had been illegally terminated.
At the outset, we note that the teacher here is a tenured teacher, subject to the provisions of the Alabama Teacher Tenure Act (act), Ala.Code 1975, § 16-24-1 et seq. It is well established that the act’s primary purpose is to secure permanency in the teaching field. Ex parte Wright, 443 So.2d 40 (Ala.1983). The act is remedial in nature and is to be liberally construed in favor of the teacher. Wright, supra. Furthermore, we note that when a cancellation of a teacher’s contract is determined to be improper, the suspension becomes ineffective and a teacher is entitled to back salary from the date of his last salary payment. Madison County Board of Education v. Wigley, 288 Ala. 202, 259 So.2d 233 (1972).
In view of the above, it is clear that the teacher is entitled to back pay because his termination was improper. Additionally, we find that, in light of the overall purpose of the act, the trial court was correct in its determination that the teacher did not have to use any of his accumulated leave during the period he was illegally suspended. The reason the teacher could not teach was that he had been terminated by the board. It is this court’s opinion that whether or not he was sick during this period is of no consequence as concerns his right to full back pay. In fact, the supreme court held in Barger v. Jefferson County Board of Education, 372 So.2d 307 (Ala.1979), that a teacher’s back pay award should not be reduced by amounts actually earned from other employment of whatever kind. The supreme court in Bar-ger cited a Louisiana case concerning a permanent teacher who had been improperly discharged and who chose not to remain idle. There, the Louisiana court granted the teacher the full back salary he would have received had he not been improperly discharged. State ex rel. Broyles v. Tangipahoa Parish School Board, 6 So.2d 696 (La.Ct.App.1942).
Therefore, we find that the trial court’s determination is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.