V. Paul Steiger appeals from a summary judgment for the defendant, the Huntsville City Board of Education, in Steiger's action seeking damages based on an assault and battery. Steiger was employed as a teacher at Davis Hills Middle School, operated by the defendant Board. He was assaulted by four students and one nonstudent, on October 9, 1992, while on his way to the school cafeteria for lunchroom duty. He sustained injuries to his left eye and to his neck, shoulders, and back. He sued the Board and its members,[1] alleging that the Board 1) had violated an express contractual duty to provide him with a safe workplace; 2) had violated an implied contractual duty to provide him with a safe workplace; and 3) had violated its own policies.
On January 24, 1994, the Board moved for a summary judgment, contending, among other things, that Steiger's claims were barred by § 16-24-10(c), Ala. Code 1975. The court entered a summary judgment for the Board, stating that Steiger's "claims are barred by the plain language of . . . § 16-24-10(c)." Steiger appeals. *Page 977 
Although we conclude that the Court's reason was incorrect, we affirm the summary judgment in favor of the Board. A judgment properly entered will not be disturbed, even if it is not supported by the reasons stated by the trial court.Boykin v. Magnolia Bay, Inc., 570 So.2d 639, 642 (Ala. 1990).
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989).
We have carefully considered the applicable law and the record in this case. We conclude, first, that the trial court erred in holding that Steiger's contract claims are barred by the plain language of § 16-24-10(c). That section provides: "No action shall lie for the recovery of damages for the breach of any employment contract of a teacher in the public schools." The Board concedes in its brief that "there is no case law to support a contention that the statute bars Steiger's claim." InTipton v. Board of Education of Blount County, 276 Ala. 571,165 So.2d 120 (1962), this Court considered Title 52, § 358, Code of Ala. 1940, the statutory predecessor to § 16-24-10(c), and held that the Legislature had enacted that provision to prevent teachers from suing under contract theories for review of termination or transfer decisions by their employing boards:
 "Since the original Act of 1939 limited a review by a bill in equity for specific performance, we think the purpose of this inhibition against an action at law to recover damages was inserted to preclude any aggrieved teacher from employing a suit for damages as an alternate method of obtaining a review, and also from recovering punitive damages for wrongful prosecution of charges as grounds for his or her discharge. We do not think it was the intention of the legislature to deny a teacher compensatory damages, lawfully pursued, for his or her wrongful discharge. . . ."
276 Ala. at 573, 165 So.2d at 122. Thus, the purpose of §16-24-10(c) is to require teachers to make full use of the administrative procedures set out in the Teacher Tenure Act, Title 16, Chapter 24, Ala. Code 1975, if their employing boards attempt to terminate or transfer them; the purpose is not to bar an otherwise valid contract claim.
Steiger argues that the Board's adoption of its Policies 101-3 and 102-4 created an express or implied contract to protect him and that the attack at Davis Hills Middle School was reasonably foreseeable, because of previous incidents at the school. The relevant portion of Policy 101-3, "Safety Program," reads:
 "The Board strives to maintain safe buildings, grounds and equipment in order to minimize accidents or injury to students, employees and other citizens. Protection shall be provided from such dangers as fire, natural disasters, mechanical and electrical malfunction and other avoidable hazards. . . . Proper supervision of students and other citizens using the facilities shall be required at all times."
The pertinent part of Policy 102-4, "School Visitors," states:
 "For the protection of the students and the school employees, all schools have a closed campus policy. Parents and all persons visiting a school for any purpose are required to go to the principal's office immediately upon entering the building to report their presence and business."
While conceding that generally "absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person," Young v. Huntsville Hospital,595 So.2d 1386, 1387 (Ala. 1992), quoting Moye v. A.G. GastonMotels, Inc., 499 So.2d 1368, 1370 (Ala. 1986), Steiger argues that the Board's adoption of these policies, coupled with the Board's unsuccessful *Page 978 
attempts to provide protection, created a special relationship. He argues that 42 incident reports, copies of which were attached to the affidavit of Lt. Jeff Cowan of the Huntsville Police Department, concerning incidents to which the police had responded at Davis Hills Middle School (19 of which involved assaults on faculty or school employees, or threats of assault on faculty), gave the Board sufficient notice that some general harm or consequence could have been anticipated.
We disagree. We have noted, " 'It is difficult to impose liability on one person for an intentional criminal act committed by a third person.' " Young v. Huntsville Hospital, supra, at 1389, quoting CIE Service Corp. v. Smith,460 So.2d 1244, 1247 (Ala. 1984). In this case, the Board has no tort liability. Enterprise City Board of Education v. Miller,348 So.2d 782 (Ala. 1977), citing Sims v. Etowah County Board ofEducation, 337 So.2d 1310 (Ala. 1976). The only liability it could have to plaintiff Steiger is through a contract theory. No contract is formed without an offer, an acceptance, consideration, and mutual assent to terms essential to the contract. Strength v. Alabama Department of Finance,622 So.2d 1283, 1289 (Ala. 1993). A contract implied in fact requires the same elements as an express contract. Ellis v. City ofBirmingham, 576 So.2d 156, 157 (Ala. 1991). The evidence before the trial court on the summary judgment motion clearly showed the absence of those elements necessary to create a contract, either express or implied in fact, for the Board to protect Steiger from the criminal actions of third parties. Thus, the trial court correctly concluded that there was no genuine issue of material fact and that the Board was entitled to a judgment as a matter of law. See Rule 56(c), Ala.R.Civ.P.
For the reasons stated above, the summary judgment is due to be affirmed.
AFFIRMED.
MADDOX, KENNEDY, INGRAM and COOK, JJ., concur.
[1] The trial court dismissed the individual Board members on November 4, 1993.