**Joseph Edward MILAN, Plaintiff-Appellant,**

v.

**AIMS JUNIOR COLLEGE DISTRICT, a Body Corporate, Defendant-Appellee.**

No. 79CA0104.

Colorado Court of Appeals, Div. III.

Aug. 21, 1980.

Rehearing Denied Oct. 16, 1980.

Certiorari Denied Jan. 26, 1981.

Arthur P. Roy, Greeley, for plaintiff-appellant.

Yegge, Hall & Evans, Carol M. Welch, Denver, Karowsky, Witwer & Oldenburg, Stow L. Witwer, Greeley, for defendant-appellee.

STERNBERG, Judge.

The plaintiff, Joseph Edward Milan, appeals a judgment denying him relief under either the "Teacher Employment, Dismissal, and Tenure Act," § 22–63–101 et seq., C.R.S.1973 (the Teacher Tenure Act), or the "Termination of Employment-Faculty Members' Act," § 23–10–101 et seq., C.R.S. 1973 (1979 Cum.Supp.) (the Faculty Due Process Act). We affirm.

Milan was employed as dean of occupational education by defendant Aims Junior College District beginning on September 1, 1973, and his contract was renewed each year thereafter for the following three school years. On April 15, 1977, however, the new president of Aims told Milan that he was not going to be recommended for rehiring, and in June of that year the governing board of Aims did not renew Milan's contract. Therefore, it expired by its terms on June 30, 1977. Milan did not possess a teacher's certificate issued pursuant to § 22–60–101 et seq., C.R.S.1973; however, § 22–63–103 C.R.S.1973, of the Teacher

Tenure Act permits uncertified individuals to teach at the junior college level, and § 22–63–104 C.R.S.1973, authorizes the district to pay such individuals.

Milan filed suit under C.R.C.P. 57 seeking a declaration of the rights and obligations of the parties under the Teacher Tenure Act, the Faculty Due Process Act, and the policies and procedures of Aims. He also sought damages and a writ in the nature of mandamus restoring him to his position as dean.

Following a non-jury trial, the court dismissed the claims under the Teacher Tenure Act, but granted Milan relief in the form of declaratory judgment and mandamus pursuant to the terms of the Faculty Due Process Act. The court reserved the issue of damages for determination later, either by stipulation of the parties, or in the event of factual disputes, by a jury.

Before that judgment became final, however, the Colorado Supreme Court announced its decision in *Van Pelt v. State Board for Community Colleges & Occupational Education*, 195 Colo. 316, 577 P.2d 765 (1978). In that case, the court construed the Faculty Due Process Act for the first time. Relying on that case the trial court granted the college's motion for reconsideration and modified its judgment to deny Milan all relief.

In this appeal Milan asserts that the court erred in (1) dismissing his claim under the Teacher Tenure Act, (2) denying him recovery in its post-*Van Pelt* modified order under the Faculty Due Process Act, (3) refusing to receive testimony concerning his eligibility for a teacher's certificate, and (4) not granting him relief on his claim that the board violated his due process rights by failing to follow its own policies and procedures.

The college contends that the Faculty Due Process Act impliedly repealed the portion of the Teacher Tenure Act extending coverage to junior colleges; that even if the Teacher Tenure Act still applies to junior colleges, Milan is not a "teacher" as that term is defined in the Teacher Tenure Act; that Milan is not a "faculty member" within the meaning of the Faculty Due Process Act; that there was no error in refusing to accept evidence relating to Milan's eligibility for a teacher's certificate; and that the court's disposition of Milan's due process claim was proper.

I. *The Claim Under the Teacher Tenure Act*

 We hold that the trial court properly dismissed Milan's claim based on the Teacher Tenure Act at the conclusion of his case. Likewise, there was no error in refusing testimony concerning Milan's eligibility to procure a teacher's certificate.

The definition of "teacher" under the Teacher Tenure Act is two pronged—it requires the individual to be "regularly certified by the teacher certifying authority of the State of Colorado" and to be "employed to instruct, direct or supervise the instructional program." Section 22–63–102(9), C.R.S.1973. It is not disputed here that Milan was not "regularly certified by the teacher certifying authority of the State of Colorado" which, under § 22–63–102(10), C.R.S.1973, means holding a teacher's certificate issued pursuant to the Teacher Certification Act of 1975, § 22–60–101 et seq., C.R.S.1973 (1979 Cum.Supp.). Therefore, regardless of the kinds of duties he performed, Milan could not be a teacher within the meaning of the Teacher Tenure Act and as such, could not acquire tenure under its provisions.

Milan argues, however, that a reading of § 22–63–103, C.R.S.1973 (permitting a junior college to hire an individual who does not hold a teaching certificate) together with § 22–60–103(9), C.R.S.1973 (1979 Cum. Supp.), of the Teacher Certification Act (excluding junior colleges from the definition of school districts) changes the meaning of "teacher" in the junior college setting to the extent that such teacher need not hold a certificate to acquire tenure. We do not agree.

By its terms, the Act does not extend the protection of tenure to such individual. We are persuaded that the Act's limitations on who may acquire tenure are not legislative

oversights and that plaintiff's reading of § 22–63–103, C.R.S.1973, in conjunction with § 22–60–103(9), C.R.S.1973 (1979 Cum. Supp.), is incorrect particularly in light of the post-secondary coverage now provided the broad category of "faculty members" under the Faculty Due Process Act.[1]

Our determination that the Teacher Tenure Act is inapplicable to Milan is also dispositive of the issue he raises concerning the refusal of the court to accept testimony concerning his eligibility to procure a teacher's certificate. Because a "teacher" must hold a valid and current teacher's certificate to acquire tenure under the Act, an individual's eligibility for such certificate is of no consequence to the issue of who is a teacher within the meaning of the Act, and thus, the trial court's determination not to accept testimony on this subject was not error. *See Sego v. Mains,* 41 Colo.App. 1, 578 P.2d 1069 (1978).

## II. *The Claim Under the Faculty Due Process Act*

■ Milan contends that the court erred in granting the college's motion for reconsideration after *Van Pelt, supra,* was announced. Based on that case, the trial court, in effect, reversed its previous order granting relief in the form of a declaratory judgment and mandamus under the Faculty Due Process Act. In light of *Van Pelt, supra,* we conclude that the trial court had no alternative but to do as it did.

In *Van Pelt, supra,* the Supreme Court held that the dean of general studies at a junior college, in his "position as dean" was not a faculty member under the meaning of § 23–10–102(4), C.R.S.1973 (1979 Cum. Supp.), of the Faculty Due Process Act, and therefore, was not entitled to notice and hearing provided by § 202 of that Act. The court held that one acting in an administrative capacity is not a "faculty member."

The Faculty Due Process Act distinguishes between administrators and faculty, protecting only the latter. *Van Pelt, supra.* The purpose of the Act is to protect academic freedom and intellectual inquiry. Section 23–10–101(1)(b), C.R.S.1973 (1979 Cum.Supp.). To that end, the Act provides for notice and hearing to insure the legitimacy of reasons for dismissal or non-renewal of faculty members. Conversely, the General Assembly has determined that such interests are not "served by extending these procedural protections to administrators in their positions as such, and that practical considerations militate against such an extension." *Van Pelt, supra.*

Here the evidence shows that Milan did not have faculty duties. As dean of occupational education he directed the area vocational school, vocational guidance, job development, and four instructional divisions. He had control over designing curriculum in vocational education, recruiting, training and supervising teachers, and he made classroom visits to observe teacher performance and to review their progress. Although he would have been permitted to do so if it did not interfere with his administrative duties, it was not a function of his position to teach courses. Milan did not in fact teach any classes.

Milan's supervisory and training functions were not severable from his administrative position: In fact they were the heart of that position, and contact with students and faculty members was simply one aspect of his total responsibility as an administrator. Had Milan ceased performing his administrative duties altogether, he would have had no other position. Thus, we conclude that his position was solely that of an administrator and that position does not come within the purview of the Faculty Due Process Act. *Van Pelt, supra.*

## III. *The Due Process Claim*

■ Milan asserts that the trial court did not rule on his claim that the board's failure to follow its own policies and procedures violated his right to due process. However, the trial court's modified judgment ordered that "plaintiff take nothing by his com-

---

1. Our disposition of this contention makes it unnecessary to address the college's argument that enactment of the Faculty Due Process Act impliedly repealed provisions of the Teacher Tenure Act relating to junior colleges.

plaint herein." This constitutes a denial of all of his claims for relief, including the due process claim. And, this ruling was correct because a claim such as this can exist only if there is first established the existence of a property interest. The property interest relied upon here is *de facto* tenure as a faculty member. However, Milan did not demonstrate that he had a reasonable objective expectation of continued employment; thus, there was no property interest. Therefore, relief cannot be accorded on the due process claim. *See Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). *See also University of Colorado v. Silverman*, 192 Colo. 75, 555 P.2d 1155 (1976).

The judgment is affirmed.

RULAND and KELLY, JJ., concur.