This is an appeal by the Athens City Board of Education and its members: Paul V. Ridgeway, Jimmy E. Alexander, J. Charles Durham, Nelson E. Howell, T. Sidney Johnston, Larry W. McCoy and Shelby Wilson. The judgment appealed from issued the writof mandamus to the Board, and to each of its members, ordering delivery of an executed contract of employment to Paul Reeves for execution by him. The contract was for employment of Reeves as an R.O.T.C. instructor for the 1979-80 school year.
There are two questions to be answered by this court: (1) Did the trial court err in holding that Reeves was a regularly certified teacher as defined by the Alabama Teacher Tenure Act (§ 16-24-1, Code 1975)? and, (2) Did the trial court err in holding that notice in writing that he would not be reemployed was not given to Reeves on or before the last day of the school term as required by § 16-24-12, Code 1975, and therefore he was deemed reemployed for the succeeding school year under the terms of that code section?
For the convenience of the reader the pertinent code sections are here set out:
 "The term `teacher,' as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the state of Alabama who may be employed as instructors, principals or supervisors in *Page 516 
the public elementary and high schools of the state of Alabama and persons employed as instructors, principals or supervisors in the Alabama institute for deaf and blind, Alabama industrial school for boys, Alabama industrial school for girls and Alabama industrial school at Mt. Meigs." § 16-24-1, Code 1975.
and
 "Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; and such teacher shall be presumed to have accepted such employment unless he or she shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June. The employing board of education shall not cancel the contract of any teacher in continuing service status, nor cause notice of nonemployment to be given to any teacher whether in continuing service status or not except by a vote of a majority of its members evidenced by the minute entries of said board made prior to or at the time of any such action." § 16-24-12, Code 1975.
The essential facts in this case may be briefly stated. Paul Reeves is a retired U.S. Army Lieutenant Colonel who was first employed by the Athens City Board of Education for the 1977-78 school year as a senior Army instructor to teach R.O.T.C. at Athens High School. The evidence shows that the employment of Colonel Reeves, as with all R.O.T.C. instructors, was by obtaining a recommendation from the Army in the form of a license upon the basis of which the State Department of Education issued an R.O.T.C. instructor's certificate to Reeves. Such a certificate is not a professional certificate.
Prior to a scheduled meeting of the Board, Reeves had learned he would not be recommended for reemployment. Upon learning this he contacted Mr. Marvin Clem, Principal of Athens High School, got together with him and signed a written memo which Clem also signed that reads:
 "I have officially been notified that Mr. Clem is recommending that I not be rehired in the school year 1979-80."
The Board held that meeting on 26 April 1979, at which Reeves was present. On the agenda for consideration were the recommendations of the Athens Superintendent of Education, Dale Weizenecker, on employment of personnel for the 1979-80 school year. The names of Reeves and others were listed in a document given the board by Weizenecker and his recommendation was that none listed be reemployed.
A vote was taken by the Board, in the presence of Reeves, to accept and approve the recommendations of the Superintendent. As is readily apparent, there can be no question in this case but that Reeves had actual knowledge he would not be reemployed. After the Board meeting, Weizenecker prepared a written notice to Reeves, dated 4 May 1979, advising him of the Board's action. That notice was addressed to Reeves at 613 Norton Drive, Athens, Alabama 35611, the address he gave to the Board at the time of his initial employment by it and at which he lived for five years to and including the filing of this action. The notice was not sent by certified mail but was stamped and mailed in a Board envelope by ordinary mail with the name and return address of the Board on it.
The 1978-79 nine-month school term for the Athens City School System ended 26 May 1979. On 30 May 1979, Reeves informed Principal Clem that he had not received any written notice he would not be reemployed for the school year 1979-80. Clem notified Weizenecker of Reeves' statement. Whereupon, on 30 May, Weizenecker hand delivered to Reeves, in Clem's office and presence, a copy of the 4 May notice of nonrenewal of Reeves' contract.
"FINAL DECREE
 "This cause coming on to be heard upon the Petition of Paul Reeves for Writ of *Page 517 
Mandamus ordering that the Defendants contract to employ him for the school year 1979-1980. Upon a hearing in open Court, the Court proceeded to impanel an advisory jury in accordance with Rule 39 of the Alabama Rules of Civil Procedure, by the parties alternately striking from the jury venire. Whereupon, the Court proceeded to try before the advisory jury and the Court the issue of whether the Defendants had given notice to the Petitioner that he would not be employed for the succeeding school year in accordance with Section 16-24-12, Code of Alabama 1975. The Court first finds from the facts that the school term ended on May 26, 1979. Whereupon, at the close of all the evidence and the argument of the parties the Court submitted the following interrogatory to the advisory jury: Did the Athens City Board of Education give notice in writing to Paul Reeves on or before the 26th day of May, 1979, that he would not be offered re-employment for the succeeding school year? Whereupon, a jury of eleven lawful men and women and Danny E. Hill, foreman, returned an answer to the interrogatory of `No.' Whereupon, the Court proceeded to try without a jury the mixed question of law and fact of whether the Petitioner, Paul Reeves, was a teacher entitled to the benefits given by Section 16-24-12, Code of Alabama 1975 as defined in Section 16-24-1, Code of Alabama 1975.
 "As defined in the statute a teacher is deemed to mean and include all persons regularly certified by the [teacher] certifying authority of the State of Alabama, who may be employed as instructors, principals or supervisors in the public elementary and high schools of the State of Alabama. It is urged by the Defendants that the Petitioner is not a teacher within the meaning of the statute, because the Petitioner's certificate, from the certifying authority of the State of Alabama, the State Board of Education, authorized the Petitioner to teach only the subject of ROTC. The Athens City Board of Education strongly urges that the certification is not a professional certificate which requires certain specific educational background and strongly contrasts Petitioner's ROTC certificate with a professional certificate which requires certain minimal educational standards, whereas the ROTC certificate does not require any minimal educational standard, but is based upon the person being certified being acceptable to the U.S. Army. The Court finds from the evidence that the Petitioner during the term of his employment as [an] ROTC instructor had duties that included classroom instruction, which courses were offered for credit by Athens High School, and which courses counted towards graduation.
 "The statute in question requires that a person in order to be a teacher be regularly certified by the teaching authority of the State and employed as an instructor. There can be no question that Reeves was employed as an instructor. Nor is there any doubt that he was certified by the teaching authority of the State of Alabama. The question turns on the construction of the phrase `regularly certified.' The word regularly is used in the statute to modify the verb certified and, thus, is descriptive of the process of certifying a teacher. The statute does not `require a regular certificate.' Regularly, does not, therefore, describe the type of certificate to be issued, but is descriptive of the process of certification. Therefore, the Court concludes that the statute does not require any particular type of certificate but is requiring only that the process of certification be regular or in proper form and not be defective. To hold that the statute required a professional certificate would be to [read in] requirements in the statute that are not there.[1]
The Defendants point out that the ROTC program is made possible *Page 518 
only by the support of the U.S. Army and that the U.S. Army has the right to withdraw its support from the program at any time and by requiring the Defendants to continue their employment of the Petitioner he could acquire tenure and, therefore, force his employment by the Defendants after the ROTC program no longer existed. However, Section 16-24-8, Code of Alabama 1975 provides that a tenured teacher does not have to be reemployed where there is a justifiable decrease in the number of teaching positions or other good and just cause. Obviously, if the ROTC program ceased to exist there would no longer be a teaching position available and the law would not require the retention of the teacher in such set of circumstances.
 "The Court adopts the finding of fact made by the advisory jury and finds that the Petitioner was not notified in writing on or before the final day of the school term for which he had been employed, that he would not be re-employed for the succeeding year.[2]
The Court further finds that the Petitioner is a teacher within the meaning of the law and must be re-employed for the succeeding year at the same salary, not having been notified on or before the last day of the term that he would not be offered re-employment, and that the Writ of Mandamus prayed for should issue."
Based upon careful scrutiny of the record and examination of applicable Alabama statutes and cases, it is difficult to perceive how that decree could be improved upon. We will not undertake to do so but rather will adopt it as part of this opinion. The two questions to be answered by this court in this case are answered in the negative.
The State Superintendent of Education, Dr. Wayne Teague, was given leave to file an amicus curiae brief. He has done so, expressing grave concern about the consequences of allowing the decree below to stand. He eloquently argues that the decree, if not reversed, will impair the development and improvement of professional competency of the teachers in this State. The Superintendent is unduly alarmed. We cannot foresee any such effect emanating from the decision in this case.
Under both the statutes and the Alabama appellate precedents, the decree below is in all respects correct and due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and ALMON, JJ., concur.
[1] R.O.T.C. instructors, home economics teachers and vocational teachers, although they do not receive professional certificates, are regularly certified by the State Department of Education.
[2] It must affirmatively appear that written notice has been given in strict compliance with the statute. Johnson v. SelmaBoard of Education, 356 So.2d 649 (Ala. 1978).