EDWARD N. SCRUGGS, Retired Circuit Judge.
Reynolds Metals Company (Reynolds) appealed to the Circuit Court of Montgomery County from assessments which were imposed for and on behalf of the City of Muscle Shoals (City) by the Department of Revenue (Department) for sales taxes of $172,834.78 and use taxes of $157,000.12 for the period of June 1, 1980 through December 31, 1981. The circuit court granted Reynolds’ motion for a summary judgment and set aside the tax assessments. The only stated reason or authority given by the trial court for its action was by citing Continental Electric Co. v. City of Leeds, 473 So.2d 1056 (Ala.Civ.App.1984), aff'd, 473 So.2d 1060 (Ala.1985). The Department timely appealed.
This court and the five-justice majority opinion of the supreme court held in Leeds that, since no calculation had been made by the City of Leeds as to the costs of city services to any particular business or classification of businesses within its police jurisdiction, the City thereby failed to properly relate the fee charged to the reasonable cost of supervision. Consequently, the City’s ordinance which imposed the fee could not be enforced.
*524 Here, the Department conceded in oral argument before the trial court and also in its appellate brief before this court that the City had not complied with the standards which were set forth in Leeds for levying a city sales and use tax in its police jurisdiction.
The Department argues that the majority opinion of the supreme court in Leeds departed from earlier Alabama decisions and that the minority view in Leeds is the more appropriate standard.
This court is bound by the latest decision of the supreme court upon a particular issue. Glass v. Hinde, 504 So.2d 316 (Ala.Civ.App.1987); § 12-3-16, Code 1975. We have no authority to overrule the supreme court’s decision in Leeds. Jones v. City of Huntsville, 288 Ala. 242, 259 So.2d 288 (1972). An opinion of the majority of the supreme court constitutes the decision of that court.
The latest decision of the supreme court upon the present issue is the Leeds majority opinion, and we are required to follow it. Consequently, since the City admittedly did not comply with the Leeds standards, the tax assessments against Reynolds were invalid and were properly set aside.
A 1986 amendment to section 11-51-91, Code 1975, has no application to this case since the assessments were for the tax period of June 1, 1980 through December 31, 1981 and to presently apply that 1986 statute would “disturb past transactions” by creating liability where no valid tax liability existed during the tax period under Leeds, which was the law governing that period of time. The 1986 amendment is not retroactive to this case. Brady v. State Pilotage Commission, 496 So.2d 776 (Ala.Civ.App.1985).
It is not necessary to decide other raised issues, since the above is determinative of the appeal.
The final judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.