**Carol FREY, Plaintiff–Appellant,**

v.

**ADAMS COUNTY SCHOOL DISTRICT NO. 14 and Board of Education of Adams County School District No. 14, Defendants–Appellees.**

**No. 87CA0979.**

Colorado Court of Appeals, Div. III.

Feb. 2, 1989.

Rehearing Denied March 30, 1989.

George C. Price, P.C., George C. Price, Douglas J. McGinty, Craig H. Russell, Denver, for plaintiff-appellant.

Hall & Evans, Thomas N. Alfrey, Kathleen G. Lanterman, Miles M. Dewhirst, Denver, for defendants-appellees.

NEY, Judge.

Carol Frey seeks judicial review of the termination of her employment as a teacher by Adams County School District No. 14 (the school district) and the Board of Education of Adams County School District No. 14 (the board), pursuant to the provisions of the Teacher Employment, Dismissal, and Tenure Act, §§ 22–63–101, et seq., C.R.S. (1988 Repl.Vol. 9) (the Teacher Tenure Act). We conclude that this court lacks jurisdiction to consider this action under the Teacher Tenure Act and, therefore, dismiss the appeal.

The relevant facts are not in dispute. Frey was employed as a teacher with the school district for approximately ten years. In May 1987, Frey's teacher's certificate expired. *See* §§ 22–60–103(4), 22–60–107, & 22–63–102(10), C.R.S. (1988 Repl.Vol. 9). Shortly thereafter, Frey received written notice that the board had ordered the termination of her employment with the school district because of her "failure to properly certify." No hearings or other proceedings pursuant to § 22–63–117 of the Teacher Tenure Act took place in connection with Frey's termination. Frey's subsequent requests for a hearing pursuant to the Teacher Tenure Act were denied, and this appeal followed.

This court's jurisdiction to review dismissals under the Teacher Tenure Act is a creature of statute. *Snyder v. Jefferson County School District No. 1*, 707 P.2d 1049 (Colo.App.1985). Section 13–4–102(2)(*1*), C.R.S. (1987 Repl.Vol. 6A) gives this court initial jurisdiction to review final orders of a board of education "in proceedings for the dismissal of a teacher, as provided in section 22–63–117, C.R.S." Section 22–63–117 of the Teacher Tenure Act sets forth the procedures to be followed in dismissing *a tenured teacher* and authorizes *such a teacher* to file an action for review of such dismissals in this court. *Talbot v. School District No. 1*, 700 P.2d 919 (Colo. App.1984).

Thus, this court's jurisdiction over this action depends upon whether at the time of her dismissal Frey was a tenured "teacher" within the meaning of the Teacher Tenure Act. We hold that she was not such a "teacher."

The definition of "teacher" under the Teacher Tenure Act is set forth in § 22–63–102(9), C.R.S. (1988 Repl.Vol. 9):

> " 'Teacher' means any person who is regularly certified by the teacher certifying authority for the state of Colorado, and who is employed to instruct, direct, or supervise the instructional program, except those persons holding letters of authorization and the chief administrative officer of any school district."

*See also Milan v. Aims Junior College District*, 623 P.2d 65 (Colo.App.1980).

Here, since it is undisputed that Frey did not hold a valid and current teacher's certificate at the time of her dismissal, she was not then a "teacher" within the meaning of the Teacher Tenure Act. Accordingly, she was no longer authorized to seek review of her dismissal in this court, and this court therefore lacks jurisdiction over this action.

This holding does not mean that Frey is precluded from seeking court review concerning the loss of her teacher's certificate in another proceeding. However, she was not entitled to the substantive and procedural protections of the Teacher Tenure Act in connection with her dismissal. *See Milan v. Aims Junior College District, supra; cf. Union High School District No. 2 v. Paul,* 105 Colo. 93, 95 P.2d 5 (1939) (teacher dismissed for lack of certification not entitled to statutory protections accorded licensed teachers under provisions of former Colorado law).

Moreover, since Frey was no longer a "teacher" within the meaning of the Teacher Tenure Act following the expiration of her teacher's certificate, it follows that Frey's reliance on *Talbot v. School District No. 1, supra,* in support of her jurisdictional claim is misplaced. *Talbot* involved review of the dismissal of a tenured *teacher,* and we conclude that Frey is not a teacher.

Accordingly, this appeal is dismissed for lack of jurisdiction.

KELLY, C.J., and FISCHBACH, J., concur.