THIGPEN, Judge.
This is a teacher tenure case.
The facts of this case are not disputed. Barbara-Lee Turner, appellee herein, was employed as a teacher by the Monroe County Board of Education for the school years 1984 through 1990; however, for the school year 1984-85, Turner was employed under an emergency certificate. She did not qualify for a professional certificate because her bachelor’s degree was granted by a non-accredited institution, Mississippi Industrial College.
During the school years 1985-86 and 1986-87, Turner was employed under a provisional certificate which required her to successfully complete certain coursework. In 1987, that required coursework was completed at Alabama State University, and Turner was thereafter awarded a professional certificate by the State Department of Education. Thereafter, she was employed by the Monroe County Board of Education for the school years 1987-88, 1988-89, and 1989-90, under a professional certificate.
Three categories of certificates are involved in the instant case. Emergency certificates are granted — to teachers who do not qualify for professional or provisional certificates and they are granted with the approval of the State Superintendent of Education only to relieve school emergencies. Provisional certificates are issued to a teacher and approved only when a professionally certified teacher cannot be found. Holders of provisional certificates do not meet the requirements for a professional certificate, but have at least 64 semester hours of study at an accredited institution. Holders of provisional certificates are required to successfully complete a given amount of coursework in an accredited institution during that school year in accordance with a progress plan approved by the State Department of Education and the institution being attended by the teacher. The progress plan is designed to enable the teacher to eventually meet the requirements necessary for a professional certificate. The enabling statute requires that provisional certificates be issued for a period not to exceed one year and it does not allow a provisional certificate to be extended or renewed. Ala.Code 1975, § 16-23-3. If a teacher successfully completes all the coursework required by the progress plan, a provisional certificate can be reissued. In the instant case, there is no dispute that each of the different certificates issued was properly issued by the Alabama Department of Education, and that the process of issuing certificates was not defective.
Turner’s employment with the Monroe County Board of Education was terminated by giving her notice prior to the close of the 1989-90 school year; however, Turner was not provided with notice of the hearing procedures as required by Ala.Code 1975, § 16-24-9, which concerns canceling the employment contract of a teacher with continuing service status, hereinafter referred to as tenure. Turner filed an action against the Monroe County Board of Education and certain officials within the system (appellants). The trial court ruled in favor of Turner, declaring that she was a tenured teacher and that her discharge did not comply with the notice and hearing requirements of the tenure laws; hence, this appeal.
*994 The single issue before this court is whether a teacher can obtain tenure status by counting the years of teaching service under emergency and/or provisional teacher certificates.
Tenure is granted only after a teacher is employed for three consecutive years within the same school system, and thereafter reemployed in this system. Ala.Code 1975, § 16-24-2. The term “teacher” is defined in Ala.Code 1975, § 16-24-1, which states that “[t]he term ‘teacher’ as employed in this chapter, is deemed to mean and include all persons regularly certified by the teacher certificating authority of the State of Alabama who may be employed as instructors, ... in the public elementary and high schools of the State of Alabama....” (Emphasis added.) Ala.Code 1975, § 16-23-1, states that “[n]o person shall be employed in the public schools of the state as ... [a] teacher ... unless such person shall hold a certificate issued by the state superintendent of education.” Our supreme court has addressed a case with facts and issues similar to those in the instant case. Steele v. Matthews, 253 Ala. 255, 44 So.2d 1 (1949), and appellants urge that Steele, supra, is controlling here. The Steele court found that the teacher was not tenured under Alabama law because the teacher, who taught under emergency provisional certificates, which were reissued for a number of years, was not “regularly certified.” The court drew a distinction between “one who is regularly so certificated and one whose certificate is for an emergency and is provisional.” Steele, 253 Ala. at 258, 44 So.2d 1. The court held that the teacher was not entitled to a hearing mandated by the Teacher Tenure Act, and the fact that the teacher afterwards procured a permanent certificate did not in any respect change her status because, under the new professional certificate, a new status arose that had no retroactive influence. Turner contends that the appellants’ position is in conflict with a more recent decision of our supreme court in the Athens City Bd. of Educ. v. Reeves, 388 So.2d 515, 517 (Ala.1980), wherein our supreme court adopted the words of the final decree of the trial court,, as follows, viz:
“The statute in question [Ala.Code 1975, § 16-24-1] requires that a person in order to be a teacher be regularly certified by the teaching authority of the State and employed as an instructor.”
The question in Reeves turned on the construction of the phrase “regularly certified”. The court determined that the word “regularly” is used in the statute to modify the verb “certified”, and, thus, is descriptive of the process of certifying the teacher. The statute does not require a regular certificate. “Regularly”, therefore, does not describe the type of certificate to be issued, but is descriptive of the process of certification. The Reeves court concluded that the statute does not require any particular type of certificate, but requires only that the process of certification be regular or in proper form and not be defective. Turner urges that, based upon a conflict between Steele and Reeves, we are bound by the latest decision of the Supreme Coürt, citing for support, the cases of State of Alabama v. Bilotta, 522 So.2d 300 (Ala.Civ.App.1988), and State Department of Revenue v. Reynolds Metals Company, 541 So.2d 523 (Ala.Civ.App.1988).
Appellants persuasively argue that the facts in Reeves are distinguishable from the instant case. In Reeves, the instructor was employed as an R.O.T.C. instructor under a special certificate issued by the State Board of Education upon the recommendation of the Army. The certificate was neither a provisional nor an emergency certificate, but was a special type of certificate granted to non-professionals to teach R.O.T.C. Ala.Admin.Code Rule 290-030-020-04(26). Additionally, the certificate issued in Reeves to teach R.O.T.C. is valid for several years, and the creating rule expressly allows the certificate to be renewed. Id.
The distinct wording of the statute creating the provisional certificates, i.e., “shall not be extended or renewed,” unquestionably demonstrates that those certificates automatically expire at the end of the term for which they are issued. Ala.Code 1975, § 16-23-3. To hold otherwise would allow those who have been employed under less *995 than a professional certificate for a period of time to achieve tenure before those who began their teaching career by holding professional certificates. It may also serve to discourage those with emergency and provisional certificates from ever acquiring a true professional certificate. We conclude that the holding in Steele, which does not conflict with the holding in Reeves, applies in the instant case and that Turner is not allowed to obtain tenure by counting the years of teaching service under emergency and/or provisional teaching certificates.
Accordingly, the judgment of the trial court is reversed and the cause remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.