ON APPLICATION FOR REHEARING
HOUSTON, Justice.
The opinion of April 10, 1992, is withdrawn and the following is substituted therefor.
The narrow question for our review is whether, upon receipt of a professional teaching certificate, the petitioner, Barbara-Lee Turner, could include the number of years of teaching service she had had under emergency and/or provisional teach *996 ing certificates in computing the number of years required to obtain tenure.[1] Our answer is yes.
Because the opinion of the Court of Civil Appeals (Monroe County Board of Education v. Turner, 601 So.2d 992 (Ala.Civ.App.1991), adequately set out the undisputed facts of this case (see 601 So.2d at 993-994), we have limited our recitation of the facts to those that follow:
Turner was employed as a teacher by the Monroe County Board of Education (“the Board”) from 1984 through 1990 under three different certificates: an emergency certificate from 1984 to 1985; a provisional certificate from 1985 to 1987; and a standard professional certificate from 1987 to 1990. All of the certificates were properly issued by the Alabama Department of Education and no defect existed in the process of issuing the certificates. The Board terminated Turner’s employment by giving her notice prior to the close of the 1989-90 school year, but it did not provide her with notice of the hearing procedures for canceling the contract of a tenured teacher pursuant to Ala.Code 1975, § 16-24-9.
Relying primarily on Athens City Board of Education v. Reeves, 388 So.2d 515 (Ala.1980), Turner sued the Board, alleging that she had obtained tenure and was on continuing service status when she received the notice of nonrenewal from the Board and, therefore, that she had a constitutionally protected property right in continued employment and that she could not be deprived of that right without due process of law.
The Board, relying on Steele v. Mathews, 253 Ala. 255, 44 So.2d 1 (1949), and attempting to distinguish Reeves, contended that Turner did not enjoy continuing service status as a tenured teacher. The trial court entered a judgment in favor of Turner, holding that “Athens City Board of Education v. Reeves, [388 So.2d 515 (Ala.1980),] controls here [and] requires the court to hold that [Turner] had obtained continuing service status and [that] her employment could not be ended without the notice and hearing procedures set out in Section 16-24-9 of the tenure law.” The Board appealed. The Court of Civil Appeals reversed the trial court’s judgment and remanded the cause. In doing so, it applied Steele v. Mathews, after concluding that this Court’s interpretation of the statutory language “regularly certified” in Steele did not conflict with, but rather was distinguishable from, the interpretation of that same language in Reeves.
After thoroughly reviewing the record, the briefs of the parties, the briefs of amici curiae (the Alabama Education Association, the state superintendent of education, and the Alabama Association of School Boards), the pertinent statutory provisions, and the applicable cases, we hold that Steele and Reeves are in conflict with, rather than distinguishable from, each other. In Steele, 253 Ala. at 258-59, 44 So.2d at 3-4, the Court construed what is now Ala.Code 1975, § 16-24-1 and § 16-23-3, and drew a distinction between teachers who were “regularly so certificated [§ 16-24-1] and [those] whose certificate is for an emergency and is provisional [§ 16-23-3]” by holding that the fact that a teacher procured a permanent certificate did not in any respect change her status because, under her new professional certificate, a new status arose that had “no retroactive influence.” However, the Court in Reeves, 388 So.2d at 517, construed the words “regularly certified” in § 16-24-1 and determined that the word “regularly” modified the word “certified” and was therefore descriptive of the process of teacher certification — that is, that “the statute does not require any particular type of certificate but is requiring only that the process of certification be regular or in proper form and not be defective.” It added, “To hold that the statute required a professional certificate would be to [read in] requirements in the statute that are not there.”
*997 We agree with the Court’s rationale in Reeves and conclude that although Reeves makes no reference to Steele, the holding in Reeves overruled Steele by implication. Based on the foregoing, and applying the rationale in Reeves to this case, where it is undisputed that Turner was employed as a teacher under emergency and provisional certificates and subsequently under a professional certificate upon completing the requirements for that certificate; that she was certified by the teaching authority of the State of Alabama; and that the certificates under which she taught were processed in the proper form and were not defective, we must reverse the judgment of the Court of Civil Appeals and remand the case for further proceedings consistent with this opinion. In so doing, we make it clear that Steele v. Mathews, supra, has been overruled.
We note that on application for rehearing two of the amici — the Alabama Association of School Boards (“AASB”) and the state superintendent of education — raise the issue whether under the pay raise provisions of Act 85-796, 1985 Ala.Acts, and Act 88-691, 1988 Ala.Acts, “a claim for back pay exists in favor of all the teachers who are ‘tenured’ under the new rule espoused in this case, when under Steele v. Mathews, 253 Ala. 255, 44 So.2d 1 (1940), they were not.” Specifically, the AASB and the superintendent urge us to hold that our decision in this case is to be applied prospectively or quasi-prospectively only.
The issue of back pay raised and argued by the amici was not ruled on by the trial court and was not presented on appeal or on rehearing to the Court of Civil Appeals. Therefore, that issue is not properly before us. See Rule 39(a), A.R.App.P.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.

. Barbara-Lee Turner was employed under emergency and/or provisional teaching certificates prior to 1991. See Ala.Acts 1991, Act No. 91-323 ("The Alabama Education Improvement Act of 1991"), and regulations of the Department of Education, Alabama Administrative Code r. 290-030-020-.04(29)(b) and (30) (Supp. No. 92-3).