48 So.3d 638 (2009)
BIRMINGHAM CITY BOARD OF EDUCATION
v.
Carla HAWKINS.
2080784.
Court of Civil Appeals of Alabama.
December 18, 2009.
Rehearing Denied February 26, 2010.
Thomas L. Stewart and Leslie M. Klasing of Waldrep Stewart & Kendrick, LLC, Birmingham, for appellant.
Gayle H. Gear, Birmingham; and Sam Heldman of The Gardner Firm, P.C., Washington, D.C., for appellee.
Frederick L. Fohrell and Robert C. Lockwood of Wilmer & Lee, P.A., Huntsville, for amicus curiae Alabama Education Association, in support of the appellee.
*639 MOORE, Judge.
In this appeal, this court holds that a teacher who fails to renew his or her teaching certificate does not thereby automatically lose the protections of the Teacher Tenure Act, Ala.Code 1975, § 16-24-1 et seq.
The Alabama State Department of Education issued a Class B, early childhood teaching certificate to Carla Hawkins on February 25, 1994. Subsequently, the Birmingham City Board of Education ("the Board") entered into a teaching employment contract with Hawkins covering the 1994-95 school year, which the Board annually renewed thereafter. On April 1, 2002, Vivian Davis, the Executive Director of Human Resources for the Board notified Hawkins by letter that Hawkins's teaching certificate would expire "this year." The letter set out the steps Hawkins needed to take in order to renew her teaching certificate, which included completing an application, obtaining and verifying continuing-education credits, and paying the application fee. Apparently, Hawkins did not follow those instructions, because, on April 10, 2006, Samuetta H. Drew, a human-resource officer for the Board, sent Hawkins a letter indicating that Hawkins's teaching certificate had expired on June 30, 2002, and that Hawkins still needed to follow the steps listed in the first letter in order to reinstate her certificate. In November 2007, Jeffery McDaniels, the new Executive Director of Human Resources for the Board, sent Hawkins a third letter in which he stated:
"The Alabama State Department of Education has informed you and Birmingham City Schools that your professional educator certificate has expired, although a valid professional educator certificate is a condition for continued employment as a continuing service status (i.e. tenured) teacher."
The letter asked Hawkins to meet with the Human Resources Department on December 4, 2007, to "measure where you are in the [renewal] process one last time." Hawkins asserts that, some time after September 2007, she filed her certificate-renewal application with the Board along with the $20 application fee. After that, Hawkins maintains, "[s]he heard nothing further and believed that all was being handled by the Board."
On April 18, 2008, the Board listed Hawkins on its nonrenewal list, indicating that Hawkins's employment contract would not be renewed effective May 30, 2008. Hawkins received that list on or about April 24, 2008. On May 23, 2008, Hawkins filed an appeal to the Chief Administrative Law Judge of the Office of Administrative Hearings, Division of Administrative Law Judges, Office of the Attorney General ("the ALJ"). See Ala.Code 1975, § 16-24-21(a). In that appeal, Hawkins maintained that she held the status as a tenured teacher pursuant to Ala.Code 1975, § 16-24-1, which, she asserted, prevented the Board from canceling her teaching employment contract without cause and without following the procedures set out in Ala. Code 1975, §§ 16-24-9 and 16-24-10. Hawkins requested an order directing the Board to follow the teaching-contract cancellation procedures set out in the Teacher Tenure Act.
The Board filed an answer to the appeal on June 16, 2008. In that answer, the Board argued that Hawkins had no rights under the Teacher Tenure Act because, it asserted, once her teaching certificate expired and had not been renewed, Hawkins no longer met the statutory definition of "teacher." See § 16-24-1. As such, the Board argued, it could freely cancel Hawkins's employment contract without following the notice and hearing requirements set out in §§ 16-24-9 and 16-24-10. On *640 July 2, 2008, the Board amended its answer to add a motion to dismiss the appeal, arguing that the ALJ had no jurisdiction over the appeal because, it asserted, only a teacher with a current valid teaching certificate has a right to appeal to the ALJ under Ala.Code 1975, § 16-24-21(a). In response, on July 22, 2008, Hawkins filed an amended notice of appeal in which she alleged that, if she was not covered by the Teacher Tenure Act as a result of the expiration of her teaching certificate, she was still entitled to relief under the Fair Dismissal Act ("the FDA"), Ala.Code 1975, § 36-26-100 et seq. The Board answered the amended appeal on July 25, 2008, disputing the applicability of the FDA.
The ALJ initially set the appeal for a hearing but, after reviewing the briefs of the parties, concluded that the facts were largely undisputed and that the appeal could be decided based on the pleadings alone. On December 5, 2008, the ALJ entered an order concluding that, once a teacher has gained continuing-service status, the employment contract of that teacher may be canceled only according to the procedures set out in the Teacher Tenure Act. Finding that Hawkins had gained continuing-service status before the expiration of her teaching certificate, the ALJ held that Hawkins remained entitled to the protections of the Teacher Tenure Act and remanded the case to the Board to afford Hawkins a hearing.[1]
On January 5, 2009, the Board filed a petition for a writ of certiorari to the Montgomery Circuit Court, along with a motion to stay execution of the ALJ's order. Hawkins responded to the petition on January 26, 2009, arguing, alternatively, that the petition should be dismissed as being from a nonfinal judgment or that the petition should be denied. The Board filed a written response to Hawkins's brief. After considering the parties' briefs and oral arguments, on April 29, 2009, the circuit court denied the petition for a writ of certiorari, concluding that the ALJ had correctly applied the law to the facts. The Board moved the circuit court to stay its ruling on May 29, 2009, and it filed an appeal with this court that same date.[2]
On appeal, the Board argues that the circuit court erred in denying the petition for a writ of certiorari.[3] The Board maintains that the ALJ erred as a matter of law in holding that Hawkins remained covered by the Teacher Tenure Act following the expiration of her teaching certificate. The Board also maintains that, once her teaching certificate expired, Hawkins automatically lost her status as a "teacher" within the meaning of the Teacher Tenure Act and, hence, had no right to notice and a hearing before her employment contract was not renewed and further had no right to appeal to the ALJ to seek such notice and a hearing. The Board further maintains that the circuit court erred by adopting the incorrect legal conclusions of the ALJ.
In South Alabama Skills Training Consortium v. Ford, 997 So.2d 309 (Ala.Civ.App.2008), a case decided under *641 the FDA, this court stated that, in appeals from a judgment of a circuit court on a petition for a writ of certiorari, this court uses the same standard of review as the circuit court. 997 So.2d at 324. That standard of review allows this court to consider only
"`"`questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review.'"'"
Ford, 997 So.2d at 324 (quoting G.W. v. Dale County Dep't of Human Res., 939 So.2d 931, 934 n. 4 (Ala.Civ.App.2006), quoting in turn City of Birmingham v. Southern Bell Tel. & Tel. Co., 203 Ala. 251, 252, 82 So. 519, 520 (1919), quoting in turn, Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 So. 91 (1916)). We thus review the record to determine whether the ALJ properly exercised jurisdiction over Hawkins's appeal and issued an order within its authority.
Section 16-24-21(a) provides, in pertinent part:
"A teacher who has attained continuing service status and has been denied a hearing before the local board of education as required by Section 16-24-6, 16-24-9, 16-24-15, or 16-24-18[, Ala. Code 1975,] shall have the right to appeal directly to the Chief Administrative Law Judge of the Office of Administrative Hearings, Division of Administrative Law Judges, Office of the Attorney General for relief.... [T]he judge shall do one of the following: (1) Order a hearing before the local board, (2) determine that the teacher has been transferred, suspended, or dismissed in violation of the law and rescind the action taken by the local board, or (3) sustain the action taken by the local board."
By its plain language, § 16-24-21(a) applies only to "[a] teacher who has attained continuing service status." The term "teacher" is defined in § 16-24-1 to include
"all persons regularly certified by the teacher certificating authority of the State of Alabama who may be employed as instructors, principals or supervisors in the public elementary and high schools of the State of Alabama...."
In Ex parte Turner, 601 So.2d 995 (Ala. 1992), the supreme court held that, in order to be "regularly certified," a teacher must have received a certificate to teach through a valid, proper, and nondefective certification process. 601 So.2d at 996-97 (citing Athens City Board of Educ. v. Reeves, 388 So.2d 515 (Ala.1980)). Section 16-24-2, Ala.Code 1975, provides, in pertinent part:
"(a) Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system for the succeeding school year."
In this case, it is undisputed that Hawkins had been "regularly certified" and had attained continuing-service status before the 2001-02 school year.
Pursuant to § 16-24-8, Ala.Code 1975, a teacher who has attained continuing-service status may be discharged only for "good and just cause." Section 16-24-9 provides that the superintendent of the employing board of education must notify *642 the teacher in writing of the superintendent's intention to cancel the teacher's employment for cause. Between 20 and 30 days later, the employing board of education shall meet to consider the superintendent's recommendation. The teacher may request a public or private conference with the board regarding the proposed cancellation. The board shall then decide whether to cancel the employment contract of the teacher. See § 16-24-9(a), Ala. Code 1975. If the employment contract of the teacher is canceled, the superintendent must provide written notice of the cancellation to the teacher within 10 days of that decision and inform the teacher of the right to contest that decision by filing with the superintendent a written notice of contest within 15 days of receipt of the notice. See § 16-24-9(b). If the teacher contests the cancellation, the teacher is entitled to a de novo hearing before a hearing officer selected by the teacher and the employing board, after which the hearing officer can, among other things, order that the employment of the teacher be continued with or without disciplinary action. See Ala. Code 1975, § 16-24-10(a). It is undisputed that Hawkins did not receive written notice of the proposed cancellation of her teaching contract; that Hawkins did not get the opportunity to confer with the Board regarding the proposed cancellation; that the Board did not meet to vote on the proposed cancellation of her teaching contract; that Hawkins did not receive written notice of the cancellation of her teaching contract; and that Hawkins was never given an opportunity to contest the cancellation.
The Board argues that it had "good and just" cause not to renew Hawkins's teaching contract because, it says, Hawkins no longer held a valid teaching certificate. Indeed, in addition to § 16-24-1, which requires a teacher to be regularly certified, § 16-23-1, Ala.Code 1975, provides:
"No person shall be employed in the public schools of the state as county superintendent of education, city superintendent of schools, assistant superintendent, supervisor, principal, teacher or attendance officer unless such person shall hold a certificate issued by the State Superintendent of Education."
Hawkins acknowledges that, based on § 16-23-1, the failure to obtain a valid teaching certificate can constitute good and just cause for the cancellation of a teaching contract in this state.
However, the parties differ on the mechanism for effecting that cancellation. The Board maintains that once a teaching certificate expires, the teacher is no longer "regularly certified" and loses his or her status as a "teacher" with "continuing service" within the meaning of the Teacher Tenure Act. Hence, the Board contends, the employment contract of that noncompliant teacher may be summarily nonrenewed without following the notice, conference, and contest procedures set out in §§ 16-24-9 and 16-24-10. On the other hand, Hawkins argues that once a teacher attains continuing-service status, that status remains even after the certification of the teacher lapses. Hawkins contends that loss of certification may be grounds for the cancellation of the contract, but it does not relieve the Board from following the procedures set out in §§ 16-24-9 and 16-24-10 in order to give the teacher an opportunity to explain the lapse and to provide the hearing officer with mitigating evidence that would justify less severe disciplinary action than cancellation.
Both Hawkins and amicus curiae, the Alabama Education Association, point out that the Colorado Supreme Court has decided the very issue before this court in favor of the teacher. In Frey v. Adams County School District No. 14, 804 P.2d *643 851 (Colo.1991), Carol Frey was a tenured teacher whose teaching certificate had expired in 1987. The local board of education notified Frey in writing that it was terminating her employment due to the lapse of her teaching certificate, which the local board characterized as a forfeiture of her tenured status. 804 P.2d at 851. The local board rejected Frey's request for a hearing, which prompted an appeal to the Colorado Court of Appeals. 804 P.2d at 852. The Colorado Court of Appeals held that it had no jurisdiction to consider the appeal because, once her teaching certificate expired, Frey was no longer a "teacher" within the meaning of Colorado's teacher-tenure statutes and, hence, had no appellate rights. See Frey v. Adams County Sch. Dist. No. 14, 771 P.2d 27 (Colo.Ct.App.1989). On petition for a writ of certiorari, the Colorado Supreme Court affirmed the decision of the Colorado Court of Appeals, but for different reasons.
Under the statutory teacher-tenure scheme existing in Colorado at the time, the employment of a "tenure teacher" in Colorado could be terminated only for "good and just cause" as established through specified notice and hearing procedures similar to those in Alabama. See Colo.Rev.Stat. § 22-63-116 and-117 (1988). Also, like in Alabama, the term "teacher"
"mean[t] any person who is regularly certified by the teacher certifying authority for the state of Colorado, and who is employed to instruct, direct, or supervise the instructional program...."
Colo.Rev.Stat. § 22-63-102(9) (1988). Based on that definition, the employing board argued, and the Colorado Court of Appeals held, that Frey had lost her status as a tenured teacher when her teaching certificate had expired. On certiorari review of that holding, the Colorado Supreme Court stated:
"We believe that the school board's position is based on too narrow a reading of the relevant provisions of the Act [the Teacher Employment, Dismissal, and Tenure Act of 1967, Colo.Rev.Stat. §§ 22-63-101 to118 (1988)] and is not consistent with the constitutional protections accorded to tenure teachers. As Frey points out, if the statute is to be read literally, a board of education could deprive a person of status as a teacher by terminating that person's employment, because the definition in § 22-63-102(9) describes a teacher as one `who is employed to instruct, direct, or supervise the instructional program.' (Emphasis added.) Such a fundamentally unfair result could not have been intended by the legislature. See § 2-4-201(1)(c), 1B C.R.S. (1980) (it is presumed that legislature intended just and reasonable result). This serves to illustrate that an unbendingly literal reading of the definitional sections of the Act does not supply the key to legislative intent. We look instead to the overall legislative plan with respect to teacher certification and termination of employment of tenure teachers to determine whether a hearing is required in order to terminate the employment of a tenure teacher whose teacher's certificate has expired. See, e.g., Martinez v. Continental Enterprises, 730 P.2d 308, 315 (Colo.1986) (`statute is to be construed as a whole to give consistent, harmonious and sensible effect to all its parts').
"....
"In order to acquire status as a `teacher' under the definition in § 22-63-102(9), it is necessary that a person become certified. Milan v. Aims Junior College Dist., 623 P.2d 65, 67 (Colo.App. 1980). The only explicit statutorily imposed *644 sanction for loss of certification during a contract of employment is loss of the right to compensation. § 22-63-104, 9 C.R.S. (1988). Nothing in the statutes suggests that expiration of a teacher's certificate held by a person employed as a tenure teacher automatically results in loss of right to employment.
"With limited exceptions not applicable here, a tenure teacher has the right to a hearing before the sanction of dismissal can be imposed. § 22-63-117(1), (3). The Act comprehensively enumerates the reasons for dismissal of a teacher who has acquired tenure. § 22-63-116, 9 C.R.S. (1988). This indicates intent to limit the bases for dismissal.... The Act does not specifically list loss of certification as a ground for dismissal of a tenure teacher. In view of the central importance of certification to the statutory scheme, however, we believe that the term `other good and just cause' in section 22-63-116 is sufficiently encompassing to include issues surrounding the expiration of a teacher's certificate, thereby requiring that the procedure prescribed in section 22-63-117 be followed before a tenure teacher can be dismissed for loss of certification.
"Our determination that the statutes must be construed to require a hearing before the employment of a person who has once acquired status as a tenure teacher can be terminated also finds support in constitutional principles. A tenure teacher has a property right in continued employment. Howell v. Woodlin School Dist. R-104, 198 Colo. 40, 45-46, 596 P.2d 56, 60 (1979); accord Slochower v. Board of Educ., 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (1956); see also deKoevend v. Board of Educ. of West End School, 688 P.2d 219, 227-28 (Colo. 1984) (irregular procedures violated tenure teacher's `due process right to a fair and impartial determination by the board.'); cf. Board of Regents v. Roth, 408 U.S. 564, 576-78, 92 S.Ct. 2701, 2708-10, 33 L.Ed.2d 548 (1972) (teacher without tenure and without contractual right to renewal of employment has no protectible interest in reemployment). The state cannot deprive a person of such a right without due process. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985); Howell, 198 Colo, at 45-46, 596 P.2d at 60.
"....
"Even where termination is for expiration of a teacher's certificate, factual inquiries are necessary to determine, among other things, if the certificate has, in fact, expired, and whether such expiration constitutes `good and just cause.'"
804 P.2d at 853-56 (footnotes omitted).
The Colorado Supreme Court held that Frey did not automatically lose her right to continued employment based on the expiration of her teaching certificate. 804 P.2d at 854. Rather, she retained her right to notice and a hearing to prove that her employment should not be terminated due to that lapse. The court further held that the decision to terminate the employment of a tenured teacher could be appealed to the court of appeals only following the guaranteed hearing. Because no hearing had been conducted, the supreme court held that the court of appeals had never obtained jurisdiction over the appeal. 804 P.2d at 856-57.
Given the similarities between Alabama's teacher-tenure laws and those of Colorado discussed in Frey, we find the reasoning of the Colorado Supreme Court particularly persuasive, and we are inclined to adopt that reasoning to affirm the circuit court's judgment in this case. *645 However, we are constrained to follow the decisions of our own supreme court. See Ala.Code 1975, § 12-3-16. In Barger v. Jefferson County Board of Education, 372 So.2d 307 (Ala.1979), the now-defunct State Tenure Commission ruled that Barger, a tenured teacher, had been improperly discharged in violation of the then-existing teacher-tenure laws. When the employing board did not immediately reinstate his employment following that ruling, Barger brought an action in circuit court seeking an order compelling the employing board to reinstate his employment and to provide backpay. However, before the circuit court could rule on Barger's petition, Barger's teaching certificate expired. The circuit court therefore held that it would be improper to compel the school board to reinstate Barger. 372 So.2d at 308. On appeal, Barger argued that the record before the circuit court showed that the school board bore responsibility for the lapse of his teaching certificate. The Alabama Supreme Court ruled, however, that under the circumstances of that case, Barger could not reasonably have relied on the school board to assure his continued certification. The court then stated:
"In light of the clear statutory mandate that certification is a condition precedent to employment as an instructor, principal or supervisor, Code 1975, §§ 16-23-1, 16-24-1, the trial court did not err in refusing to reinstate the appellant."
372 So.2d at 308.
Barger is admittedly difficult to follow. On the one hand, the excerpt quoted above suggests that, once certification, the "condition precedent to employment as an instructor," lapses, the employment of the teacher may be summarily terminated without notice and an opportunity to be heard. After all, once it determined that Barger's teaching certificate had expired, the circuit court did not remand the case for a hearing before the employing board or the State Tenure Commission as to whether the lapse precluded Barger's reinstatement. Instead, the circuit court decided that issue itself. On the other hand, it appears from the following discussion in Barger that the circuit court actually considered the facts surrounding the lapse of the certificate. The Barger court stated:
"[Barger] asserts that he relied upon the Jefferson County Board of Education to apply for the renewal of his teaching certificate. Whether under some set of circumstances a teacher might reasonably rely upon a school board to renew the certificates of the teachers in its employ, we need not decide. In the instant case, [Barger] had been discharged, albeit wrongfully, by the Board of Education prior to the time for application for renewal of his certificate. Despite the fact that his reinstatement had been ordered by the State Tenure Commission, he had not been reinstated at the time of his certificate's expiration.
"Although [Barger] presented evidence indicating that the Jefferson County Board of Education had unilaterally requested that his certificate be renewed in 1973 when it was due to expire, he has not established that the Board, as a matter of common practice, automatically requested that the State Board of Education renew certificates of its teachers, instructors, and other educators. We are not persuaded that [Barger] was entitled to rely on the Board of Education to renew his certificate in this instance, especially in light of the difficulties which had developed between [Barger] and the Board with respect to his employment.
"Moreover, the record reflects that the State Board of Education has raised *646 questions relative to additional requirements before [Barger's] certificate could be renewed. Under these circumstances, it was [Barger's] responsibility to assure his continued certification."
372 So.2d at 308. That discussion indicates that the circuit court made some sort of record regarding the reasons for the expiration of Barger's teaching certificate and that, had those reasons been sufficient, the outcome of the case may have been different.
After carefully reviewing that opinion, we do not interpret Barger as holding that a teacher with continuing-service status automatically loses that status, and the associated rights guaranteed by the Teacher Tenure Act, once his or her teaching certificate expires. Rather, Barger holds only that the expiration of a teaching certificate may constitute a good and just cause to cancel the employment contract of a tenured teacher when the record shows that the teacher had no justifiable reason for allowing the lapse. Consistent with the Teacher Tenure Act as it exists today, that record can only be produced at a hearing before the employing board or a hearing officer in compliance with the procedures mandated by §§ 16-24-9 and 16-24-10. Hence, Barger does not conflict with the reasoning or holding in Frey that we adopt in this opinion.
Based on the foregoing, we hold that the lapse of her teaching certificate did not automatically divest Hawkins of her status as a teacher with continuing service. Hence, the Board could not have lawfully canceled her employment contract without complying with §§ 16-24-9 and 16-24-10. When the Board attempted to nonrenew Hawkins's employment contract without providing Hawkins notice or an opportunity for a hearing, Hawkins had a right, under § 16-24-21(a), to appeal to the ALJ, and the ALJ had jurisdiction to decide that appeal. The ALJ ordered the Board to provide Hawkins with a hearing, which is one of the actions authorized by § 16-24-21(a). Thus, the circuit court did not err in affirming the jurisdiction and ruling of the ALJ.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in the result, with writing.
BRYAN, Judge, concurring in the result.
I agree with the main opinion that "`[e]ven where termination is for expiration of a teacher's certificate, factual inquiries are necessary to determine, among other things, if the certificate has, in fact, expired, and whether such expiration constitutes "good and just cause."'" 48 So.3d at 644 (quoting Frey v. Adams County Sch. Dist. No. 14, 804 P.2d 851, 856 (Colo. 1991)). I note that the expiration of a teaching certificate may, in some circumstances, constitute good and just cause for a dismissal.
NOTES
[1] Because the ALJ found that Hawkins remained entitled to the protections of the Teacher Tenure Act, the ALJ did not address the argument that Hawkins was covered by the FDA.
[2] On September 18, 2009, the Board moved this court for a stay, asserting that its motion to stay filed in the circuit court had been denied by operation of law on August 27, 2009. This court denied that motion on October 28, 2009.
[3] We deny Hawkins's motion to strike the reply brief of the Board, but we note that, in reaching our decision, we did not consider any issues not raised in the Board's principal brief.